567 A.2d 339

**The SIERRA CLUB, PENNSYLVANIA CHAPTER et al., Petitioners,**

v.

**John HARTMAN, Executive Director, Legislative Reference Bureau; John R. McGinley, Jr., Robert J. Harbison, Irwin G. Zimmerman and Mark D. Schwartz, Commissioners of the Independent Regulatory Review Commission, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1989.

Decided Dec. 7, 1989.

Timothy D. Searchinger, with him, Richard Feder, Fine, Kaplan and Black, and Eric B. Schnurer, for petitioners.

James L. Walsh, with him, Vincent C. DeLiberato, for respondent, John Hartman.

S. David Fineman, Fineman & Bach, P.C., and W.C. Matthews, III, Chief Counsel, for respondents McGinley, Jr., Harbison, Zimmerman and Schwartz, Com'rs of the Independent Regulatory Review Com'n.

Linda J. Shorey, with her, Ronald W. Chadwell, John P. Krill, Jr., and R. Timothy Weston, Kirkpatrick & Lockhart, for amici curiae, Robert Jubelirer, D. Michael Fisher, and The Senate of the Com. of Pa.

CRUMLISH, Jr., President Judge, and BARRY, COLINS, PALLADINO and SMITH, JJ.

COLINS, Judge.

## PROCEDURAL HISTORY

The Sierra Club, Pennsylvania Chapter, the Delaware Valley Citizens Council for Clean Air, Group Against Smog and Pollution, the Bicycle Coalition of the Delaware Valley and Sara Nichols (petitioners) have filed a Petition for Review addressed to this Court's original jurisdiction. The Petition for Review seeks mandamus, equitable and declaratory relief. Respondents include John Hartman, Executive Director of the Legislative Reference Bureau; John R. McGinley, Jr., Chairman of the Independent Regulatory Review Commission (IRRC),[1] Commissioner Irwin G. Zimmerman, Commissioner Robert J. Harbison and Commissioner Mark D. Schwartz.

Petitioners sought consolidation of this case with the related case of *Department of Environmental Resources v. Jubelirer*, 130 Pa. Commonwealth Ct. 124, 567 A.2d 741 (1989). By order dated September 21, 1989, President Judge Crumlish denied the request for consolidation and scheduled en banc oral argument on this case for October 4, 1989, seriatim with *Jubelirer.* Petitioners have filed what is labeled a Motion for Judgment on a Stipulated Record.

[1]. We note that John R. McGinley, Jr. no longer holds this position.

We shall treat this as a motion for summary judgment filed pursuant to Pa. R.C.P. No. 1035.

### STATEMENT OF FACTS

The parties have filed a stipulation of counsel and therein agreed that this case shall be submitted to this Court for disposition on the merits on the basis of the stipulation of facts agreed to by the parties in *Jubelirer*. We have exhaustively set forth those facts in *Jubelirer* and shall not repeat them here.

The parties have further stipulated that petitioner, the Sierra Club, is a nonprofit corporation organized under the laws of California. The Sierra Club is an organization with over 500,000 members devoted to protecting America's natural resources, to protecting human health from environmental dangers, and to using our natural resources for recreation. The Sierra Club is engaged in an intensive, nationwide effort to obtain additional governmental protection against smog. The Pennsylvania Chapter contains over 15,000 members who are Pennsylvania residents and who use the club both for recreational purposes and to advocate their environmental interests. The Pennsylvania Chapter has been actively involved in petitioning DER in support of the environmental regulations at issue in this case.

Petitioner, the Delaware Valley Citizens Council for Clean Air is a non-profit membership corporation organized under the laws of Pennsylvania. The Council has approximately 1,100 members in Pennsylvania, who are citizens, voters and taxpayers. The Council was formed originally by the American Lung Association in 1967 to deal with the growing regional air pollution problems. It serves its members' interests in clean air through public education and by overseeing the activities of government agencies charged with protecting public health and the environment. The Council's members and staff have strongly supported regulations by Pennsylvania's state government designed to prevent

the evaporation of gasoline into the environment, one of the primary causes of urban and suburban smog.

Petitioner, Group Against Smog and Pollution (GASP) is a non-profit corporation organized under the laws of Pennsylvania. Since 1969, it has been a leader in advocating solutions to air pollution problems in Allegheny County and has been actively involved in shaping environmental regulations applicable to Allegheny County. It contains over 500 members who are citizens, voters and taxpayers in Pennsylvania.

The Bicycle Coalition of the Delaware Valley is a non-profit corporation organized under the laws of Pennsylvania with several hundred individual members, who are citizens, voters and taxpayers. It serves its members by promoting the use of bicycling in the Delaware Valley.[2]

All of these organizational petitioners have members who are voters, taxpayers and citizens of the Commonwealth of Pennsylvania, who actively use the water and air resources of the Commonwealth, and some of whom live in areas that are not in compliance with federal air quality standards for ozone.

The members of organizational petitioners seek to protect their environmental interests by public advocacy through their organizations, and all petitioners have advocated the kinds of environmental protection at issue in this case.

Petitioners the Sierra Club, the Clean Air Council and the Bicycle Coalition are all plaintiffs in an ongoing suit in federal court against various state and federal defendants, including the Governor of Pennsylvania and the Secretary of DER, seeking to compel Pennsylvania to remedy alleged failures to comply with the federal Clean Air Act, 42 U.S.C. §§ 7401–7642. *Delaware Valley Citizens Council for Clean Air v. Davis* No. 89–2592 (E.D.Pa.). The regulation at issue in this case is one possible step by the Governor and DER toward complying with this federal law.

---

**2.** These allegations regarding the organizational petitioners were set forth in Paragraphs 2(a)–(d) of the Petition for Review and have been stipulated by the parties as being true.

Petitioner Sara Nichols is a citizen, resident, voter and taxpayer of Pennsylvania. She has been actively engaged in petitioning state government for environmental protection in general and also the specific regulations at issue in this case.

## STANDING

Respondents submit that petitioners lack standing to bring this suit. In order to maintain standing a party must demonstrate a direct, substantial and immediate interest in the outcome of the controversy. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). A substantial interest is one in which there is "some discernible adverse effect, some interest other than the abstract interest of all citizens in having others comply with the law." *Id.*, 464 Pa. at 195, 346 A.2d at 282. Where, as here, an association claims standing to sue, it must be alleged that at least one of the association's members has or will suffer "a direct, immediate and substantial injury" to an interest as a result of the challenged action. *Citizens For State Hospital v. Commonwealth*, 123 Pa. Commonwealth Ct. 150, 553 A.2d 496 (1989).

Petitioners submit that the proposed regulations must be promulgated so Pennsylvania will be in compliance with the federal Clean Air Act. A review of the Petition for Review reveals that petitioners have failed to allege that a member of any of the associations has or will suffer a direct and substantial injury absent the promulgation of the proposed regulations. Although Petitioner Sara Nichols has alleged by affidavit that she suffers from respiratory problems and therefore has a more direct and immediate interest in having the proposed regulations promulgated, we must conclude that the causal connection between her alleged injury and the bar to publication of the proposed regulations is too remote to confer standing. Petitioners do assert injury suffered by the citizens of Pennsylvania as a whole. However, this is precisely the type of abstract interest which will not confer standing. *William Penn Parking Garage.*

## CONCLUSION

In accordance with the foregoing discussion, petitioners' motion for summary judgment is denied and the petition for review is dismissed for lack of standing.

## ORDER

AND NOW, this 7th day of December, 1989, the motion for summary judgment filed by the Sierra Club, Pennsylvania Chapter, Delaware Valley Citizens Council for Clean Air, Group Against Smog and Pollution, Bicycle Coalition of the Delaware Valley, and Sara Nichols is denied. The petition for review is dismissed for lack of standing.

McGINLEY, J., did not participate in the decision in this case.

SMITH, J., concurs in the result only.

BARRY, Judge, concurring.

I agree that the petitioners do not have standing, but for different reasons than set forth in the majority opinion. DER has filed an action almost identical to this one filed by the petitioners. In *Sprague v. Casey*, 520 Pa. 38, 550 A.2d 184 (1988), the Court recognized that certain instances could exist where the general rule of *William Penn Parking v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975) would be extended. Specifically, the Court referred to those cases where governmental action could go unchallenged if standing were not granted to the petitioning party. Here, we have essentially identical lawsuits, one brought by DER, another by petitioners. There can be no question of DER's standing. Because of DER's challenge, I see no need to grant the petitioners standing, though a different holding would result if the petitioners were the only party challenging the constitutionality of the present procedure.

I further believe that our disposition of DER's lawsuit renders this action moot. Again, both challenges are essentially the same with only minor differences in the arguments presented. We have disposed of the matter in *DER*

*v. Jubelirer,* 130 Pa. Commonwealth Ct. 124, 567 A.2d 741 (1989).

SMITH, J., joins in this concurring opinion.