605 A.2d 309

The SIERRA CLUB, Pennsylvania Chapter, Delaware Valley Citizens Council For Clean Air, Group Against Smog and Pollution, Bicycle Coalition of the Delaware Valley, and Sara Nichols, Appellants,

v.

John HARTMAN, Executive Director, Legislative and Reference Bureau, John R. McGinley, Jr., Robert B. Harbison, Irvin G. Zimmerman, and Mark D. Schwartz, Commissioners of the Independent Regulatory Review Commission, Appellees.

Supreme Court of Pennsylvania.

Argued Jan. 22, 1990.

Decided March 12, 1992.

Richard Feder, Timothy D. Searchinger, for appellants.

S. David Fineman, Norman S. Berson, Harold K. Cohen, W.C. Matthews, III, for Independent Regulatory Review Com'n.

Linda J. Shorey, John P. Krill, R. Timothy Weston, for Robert Jubelirer, and D. Michael Fisher and the Senate of Pa.

James L. Walsh, Vincent C. DeLiberato, Robert W. Zech, for Gary R. Hoffman, John Hartman and Legislative Reference Bureau.

Richard D. Spiegelman, Carl H. Shuman, for Dept. of Env. Resources.

Before NIX, C.J., and FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

Appellants instituted this action by filing a Petition for Review in Commonwealth Court seeking mandamus and equitable and declaratory relief arising out of a purported veto by the Legislature of a proposed air pollution regulation. This veto barred publication of the regulation as final in the *Pennsylvania Bulletin.* Commonwealth Court dismissed the petition holding that the Appellants lacked standing. 130 Pa.Cmwlth. 100, 567 A.2d 339. Appellants

seek further review from this Court under § 723(a) of the Judicial Code, 42 Pa.C.S. § 723(a), as a direct appeal from a matter brought to the Commonwealth Court in its original jurisdiction. However, before reaching the merits of the appeal we must address the issue of Appellants' standing.

■ Recently, in *Sprague v. Casey*, 520 Pa. 38, 550 A.2d 184 (1988), we reiterated the general precepts regarding standing:

Generally, in order to have standing, a party must have an interest in the controversy that is distinguishable from the interest shared by other citizens. To surpass that common interest, the interest must be substantial, direct and immediate.

520 Pa. at 43, 550 A.2d at 187, citing *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). Rooted in this precept is the notion that for a party to maintain a challenge to an official order or action his rights must have been invaded or infringed. *Franklin Township v. Commonwealth of PA, Department of Environmental Resources*, 500 Pa. 1, 452 A.2d 718 (1982). In *Upper Bucks County Vocational–Technical School Education Association v. Upper Bucks County Vocational–Technical School Joint Committee*, 504 Pa. 418, 474 A.2d 1120 (1984), we concluded that individual taxpayers, teachers and the union had no standing to force the school district to institute a calendar requiring 180 days of instruction because they failed to allege a direct loss arising from the school district's actions. We stated:

The essence of the standing requirement as articulated by this Court is that "[a] plaintiff ... must allege and prove an interest in the outcome of the suit which surpasses 'the common interest of all citizens in procuring obedience to the law' ... To surpass the common interest, the interest is required to be, at least, substantial, direct, and immediate." (Citations omitted)

504 Pa. at 421, 474 A.2d at 1122.

However, this general rule is not without exception. In *Faden v. Philadelphia Housing Authority*, 424 Pa. 273,

227 A.2d 619 (1967), and *Application of Biester*, 487 Pa. 438, 409 A.2d 848 (1979) we alluded to an exception to the general rule regarding standing for taxpayers, granting standing when the degree of causal connection is small but judicial review is necessary to protect against governmental action which otherwise would go unchallenged. We most recently relied upon this exception in *Sprague* in granting standing to a taxpayer to challenge the constitutionality of the proposed judicial election scheduled for November of 1988.

Applying both the general rule and the exception, we must conclude that Appellants have no standing. In reviewing the Appellants' Petition for Review, two alleged harms are asserted: (1) deprivation of Appellants' constitutional rights to clean air and a proper functioning state government; and (2) physical harm to Sara Nichols due to a respiratory problem particularly sensitive to smog. As to deprivation of constitutional rights, these harms are general in nature and arguably common to all Commonwealth citizens. With regard to Ms. Nichols, there is no evidence to suggest that the printing of the proposed regulation will in any way obviate her respiratory health problems. As such, any interest is remote. Furthermore, notwithstanding the applicability of the general rule regarding standing, there is no basis to apply the exception as set forth in *Sprague, Biester*, and *Faden*. Given that the same issues are being addressed in *Commonwealth of Pennsylvania, Department of Environmental Resources v. Jubelirer*, No. 65 M.D. Appeal Docket 1989, the alleged harms will not go unchallenged.

The Order of the Commonwealth Court is affirmed.

LARSEN and McDERMOTT, JJ., did not participate in the consideration or decision of this matter.