**Howard v. Burns**

C.P. of Dauphin County, no. 1645-S-96.

*Mary A. Etter Dissinger,* for plaintiffs.
*George D. Burns,* pro se, defendant.

KLINEFELTER AND CLARK, *JJ.*

CLARK, *J.,* November 20, 1996—This court has been presented with defendant's preliminary objections in the nature of res judicata, lack of standing, and lack of subject matter jurisdiction. After due consideration of the arguments given, the preliminary objections are denied in accordance with the following.

Plaintiff, Bonnie Howard and defendant, George Burns, were married on October 30, 1966. During the marriage, Ms. Howard and Mr. Burns had two children, Jennifer and Susan Burns. Ms. Howard and Mr. Burns were divorced in 1978 and, as a result, entered into a separation and property settlement agreement. The agreement stipulated that both parties would share equally in their children's college and graduate school expenses. However, the father's obligation to pay was contingent upon the following conditions: his children would consult him when deciding which college to choose, he would need to approve a general budget

for the children, and finally, the amount of support required by him would not be an amount that would substantially reduce his lifestyle or his ability to handle other financial obligations.

Defendant paid half of Susan's expenses during her freshman (1992-1993) and sophomore (1993-1994) years of college at the University of Virginia. In March of 1994, defendant ceased contributing to his daughter's education. His decision was based upon her failure to establish a "father/daughter" relationship with him. As a result, plaintiffs presented themselves to this court and sought postsecondary educational expenses from defendant in accordance with 23 Pa.C.S. §4327. Pursuant to subsection 4327(a), a court may order parents who are separated, divorced, unmarried or otherwise subject to an existing support obligation to provide equitably for educational costs of their minor child. However, in *Curtis v. Kline,* 542 Pa. 249, 666 A.2d 265 (1995), the Pennsylvania Supreme Court reviewed this legislation and concluded that it violated the equal protection clause of the Fourteenth Amendment. The court reasoned that subsection 4327(a) was unconstitutional since it required separated, divorced, or unmarried parents, to provide postsecondary education support, while excluding married parents from such obligation. *Id.* at 258-59, 666 A.2d at 269-70. In light of this decision, the Honorable Todd A. Hoover issued an order terminating defendant's educational support obligation.

Consequently, plaintiffs filed a complaint against the defendant on April 3, 1996, to enforce the terms of the agreement, which required both parties to share equally their children's educational expenses. The complaint alleges that defendant owes plaintiffs $13,417 for college expenses incurred during Susan's junior and senior years, along with one-half of her postgraduate

expenses. Defendant responded with preliminary objections and alleged that: (1) plaintiffs' claims are barred by the doctrine of res judicata; (2) plaintiff, Susan Burns, lacks standing to sue since the complaint fails to allege adverse effects resulting from partial payment of college expenses, and Susan is not a real party in interest to the agreement; and (3) the court lacks subject matter jurisdiction since the recovery of graduate school expenses is an anticipatory event.

## RES JUDICATA

Defendant's first objection is in the nature of a demurrer based on the doctrine of res judicata. In ruling on an objection in the nature of a demurrer, all well pleaded facts in the complaint and all inferences reasonably deducted therefrom must be accepted as true. *Wurth v. City of Philadelphia,* 136 Pa. Commw. 629, 584 A.2d 403 (1990). Preliminary objections shall be sustained only in cases that are clear and free from doubt. *Bower v. Bower,* 531 Pa. 54, 57, 611 A.2d 181, 182 (1992). In matters where it appears with certainty that the law does not permit recovery under the allegations pleaded, a demurrer will be sustained. *Foster v. Health Market Inc.,* 146 Pa. Commw. 156, 162, 604 A.2d 1198, 1201 (1992).

In order for the doctrine of res judicata to apply, four elements *must* be met: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity in the persons for or against whom the claim is made. *City of Pittsburgh v. Zoning Board of Adjustment,* 522 Pa. 44, 559 A.2d 896 (1989). Where all four elements are met, res judicata bars the subsequent action.

Defendant contends that plaintiffs are barred from asserting the present action since Judge Hoover previously ruled upon the nature of his support obligation. To the contrary, res judicata does not bar the instant action. Although the parties in each action are identical and the purpose of the actions was to obtain a portion of Susan's college expenses, the prior claim was based upon a different legal theory. Initially, plaintiffs sought postsecondary educational expenses under 23 Pa.C.S. §4327. In this claim, the agreement and alleged breach thereof were not at issue. Whereas, the current action specifically involves the agreement and is rooted upon its alleged breach. Under a breach of contract theory, the legal significance of the agreement is crucial to the court's determination of whether defendant is obligated to provide educational support to his daughter. Thus, the present cause of action is different from the previous action and res judicata does not operate as a bar to such litigation. Accordingly, defendant's preliminary objection is denied.

## LACK OF STANDING

Defendant has next contended that plaintiff, Susan Burns, lacks standing to sue. In *Sierra Club v. Hartman,* 529 Pa. 454, 605 A.2d 309 (1992), the court determined that a party has standing if there is a "substantial, direct, and immediate interest." In the present case, Susan has a substantial and direct interest in the cause of action since the amount in controversy consists of her tuition and other educational expenses. In the event she is denied this sum, her future education and career opportunities may be affected. The interest is also immediate because Susan is presently enrolled in college. The funds are currently necessary to pay for those ex-

penses incurred while she is attending school, as opposed to anytime thereafter.

Furthermore, Susan is entitled to enforce her rights under the agreement as a third-party beneficiary. The law provides that a third-party beneficiary of a contract is entitled to enforce, in her own name, as a real party in interest, the rights that accrue to her under the contract. *Purcell v. Metropolitan Life Insurance Co.,* 336 Pa. 588, 10 A.2d 442 (1940). In accordance with the foregoing, defendant's preliminary objection is denied. Plaintiff, Susan Burns, has the capacity to file a lawsuit in this action.

## SUBJECT MATTER JURISDICTION

Defendant contends that the action complained of is anticipatory and thus, may not be heard by this court. Defendant bases his objection on plaintiffs' request for him to pay one-half of Susan's postgraduate education expenses. Since postgraduate expenses are anticipatory, defendant argues that an actual controversy does not exist to invoke the court's jurisdiction. However, the expenses demanded in the complaint also address college expenses from 1994 through 1996. Clearly, these expenses are not anticipatory. Furthermore, the agreement at issue in this complaint provides that both Mr. Burns and Ms. Howard will share equally "the direct expenses of college *and post-college education.*" Because Susan is in her last semester of college and considering graduate school, an actual controversy does exist, as opposed to mere facts from which a controversy may arise. 11 Standard Pennsylvania Practice 2d §66.20. Therefore, jurisdiction upon this court is conferred and defendant's preliminary objection is denied.

Based on the foregoing, the following is entered:

## ÒRDER

And now, November 20, 1996, in connection with the attached opinion, defendant's preliminary objections are hereby denied.