COMMONWEALTH of Pennsylvania by D. Michael FISHER, in his official capacity as Attorney General of the Commonwealth of Pennsylvania

v.

PHILLIP MORRIS, INC.; R.J. Reynolds Tobacco Company; Brown & Williamson Tobacco Corporation; B.A.T. Industries, PLC.; The American Tobacco Company, Inc., c/o Brown & Williamson Tobacco Corporation; Lorillard Tobacco Company; Liggett Group, Inc.; United States Tobacco Company; The Tobacco Institute, Inc.; The Council For Tobacco Research–U.S.A., Inc.; Smokeless Tobacco Council, Inc.; and Hill & Knowlton, Inc.

**Robert B. Sklaroff, M.D., Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 14, 1999.

Decided Aug. 10, 1999.

Reargument Denied Sept. 24, 1999.

Robert B. Sklaroff, MD, appellant, pro se.

Joel M. Ressler, Harrisburg, for appellee.

Before COLINS, President Judge, and DOYLE, J., McGINLEY, J., SMITH, J., FRIEDMAN, J., KELLEY, J., and LEADBETTER, J.

LEADBETTER, Judge.

Appellant Robert B. Sklaroff, M.D., appeals from the order of the Court of Common Pleas of the First Judicial District of Pennsylvania, Civil Trial Division, denying his petition to intervene in an action commenced by the Commonwealth of Pennsylvania against various defendants involved in, *inter alia*, the manufacturing, sale, distribution or promotion of tobacco products.[1] After review, we affirm.

In April 1997, the Commonwealth filed its lawsuit against the various tobacco entities seeking damages for economic injuries to the Commonwealth as well as injunctive relief. Thereafter, in November 1998, the Commonwealth settled its lawsuit against the tobacco defendants by executing two agreements, namely the Master Settlement Agreement (MSA) and the Smoke-

---

1. Specifically, the Commonwealth sued the following: Phillip Morris, Inc.; R.J. Reynolds Tobacco Company; Brown & Williamson Tobacco Corporation; B.A.T. Industries, PLC.; The American Tobacco Company, Inc.; Lorillard Tobacco Company; Liggett Group, Inc.; United States Tobacco Company; The Tobacco Institute, Inc.; The Council for Tobacco Research–U.S.A., Inc.; Smokeless Tobacco Council, Inc.; and Hill & Knowlton, Inc.

less Tobacco Master Settlement Agreement (STMSA).[2] The terms of the MSA required each settling state to file a consent decree with the appropriate state court. Consequently, on December 11, 1998, the Commonwealth and the tobacco defendants filed a joint motion to approve the settlement and consent decrees. Before and after the joint motion was filed, various parties, including Dr. Sklaroff, an anti-tobacco activist, filed petitions to intervene in the Commonwealth's action.[3] Following several days of hearings and arguments by counsel, the trial court denied the various petitions to intervene. The present appeal followed.[4]

▬ In his papers filed both with the trial court and this court, Dr. Sklaroff seeks to represent the public interest and seeks relief on behalf of the public at large.[5] However, as the trial court noted, a general interest common to all citizens is insufficient to confer standing. In *Sierra Club v. Hartman*, 529 Pa. 454, 605 A.2d 309 (1992), our Supreme Court emphasized the basic precepts of standing:

> Generally, in order to have standing, a party must have an interest in the controversy that is distinguishable from the interest shared by other citizens. To surpass that common interest, the inter-

est must be substantial, direct, and immediate.

*Id.* at 456, 605 A.2d at 310, *quoting Sprague v. Casey*, 520 Pa. 38, 43, 550 A.2d 184, 187 (1988). Dr. Sklaroff's desire to represent the public interest is insufficient to confer standing, particularly where, as here, other entities such as the Commonwealth do have a direct substantial and immediate interest and are in fact vigorously litigating on behalf of the public. Therefore, we affirm the denial of Dr. Sklaroff's petition to intervene on the basis of the opinion of the Honorable John Herron. *See Commonwealth of Pennsylvania, by Michael Fisher, in his Official Capacity as Attorney General of the Commonwealth of Pennsylvania v. Phillip Morris*, April Term 1997, No. 2443 (C.P. First Judicial District of Pennsylvania, filed February 26, 1999), 40 Pa. D. & C. 4th 225 (1999).[6]

Judge Kelley dissents to this opinion for the reasons stated in his dissenting opinion to the order of August 9, 1999, 736 A.2d 693, in re: Docket Nos. 455, 456, 457, 460 C.D.1999 and 895 C.D.1999.

## ORDER

AND NOW, this 10th day of August, 1999, the order of the Court of Common Pleas of the First Judicial District of Pennsylvania, Civil Trial Division, in the

---

2. The Commonwealth's action was just one of many nationwide and eventually, 46 states, the District of Columbia, and five territories executed these same two agreements.

3. In addition to Sklaroff, Allegheny County, various non-profit hospitals and other activists sought to intervene.

4. Originally, both Dr. Sklaroff and Allegheny County appealed from the trial court's denial of their petitions to intervene. However, at this time, only Dr. Sklaroff's appeal remains before the court.

5. For instance, Dr. Sklaroff, who sought to intervene with other activists, avers in his amended petition that approval of the MSA may affect legally enforceable interests of the petitioners in that:

petitioners are individuals and organizations committed to tobacco control and who work toward that end in ways which include, either actually or potentially, public interest litigation against the tobacco defendants to enforce existing tobacco control measures or for compensation for tobacco-related injury to the citizenry of Pennsylvania as a whole....

*See* Exhibit A to Brief for Appellees Philip Morris Incorporated, et al.

6. In his appellate brief, Dr. Sklaroff contends that the trial court failed to adequately address his request and averments regarding permission to intervene on behalf of a class. However, since Dr. Sklaroff lacks standing to intervene himself, *a fortiori* he does not have standing to represent a class of similarly situated individuals.

above captioned matter, is hereby affirmed.