598 A.2d 1061

**BROWNING–FERRIS, INC., Petitioner,**

**v.**

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1991.

Decided Oct. 23, 1991.

252

Jan Z. Krasnowiecki, for petitioner.

David J. Gromelski, Asst. Counsel, for respondent.

Sheryl L. Auerbach, for respondent, intervenor Montgomery County.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Petitioner, Browning–Ferris, Inc. (BFI), seeks review of an order of the Environmental Hearing Board (Board) denying its petition to intervene in an appeal taken by Montgomery County from the Department of Environmental Resources' (DER's) conditional approval of Berks County's

Municipal Solid Waste Management Plan (Plan). We will reverse the Board's order.[1]

BFI is the equitable owner of 426 acres of land in Berks County and is authorized to develop a municipal waste landfill thereon under a development agreement with the title holders of the land. Pursuant to a Disposal Service Agreement, BFI agreed to develop a landfill and pursue all necessary DER approvals and Berks County agreed to designate BFI's proposed landfill on the Plan as the facility to receive all Berks County solid waste.

Berks County thereafter violated the terms of the Disposal Service Agreement by proposing a solid waste plan which failed to include BFI's proposed landfill as a designated facility to receive Berks County solid waste. BFI initiated litigation, prompting a settlement, wherein BFI agreed to allow 500 tons per day of solid waste to go to a facility in Montgomery County, Wheelabrator Pottstown, Inc. (Wheelabrator), and Berks County agreed to send all of its remaining solid waste, except certain tonnage still under contract to Western Berks Refuse Authority, to BFI's proposed landfill.

Following DER's conditional approval of the Plan, Montgomery County filed a notice of appeal with the Board, challenging DER's action. BFI subsequently sought to intervene in Montgomery County's appeal to protect its interests and substantial investment in its proposed landfill. According to BFI's petition seeking intervention, its designation in the Plan is a decisive element in securing its DER permit,[2] which process has, to date, cost it eleven million dollars.

The Board, after consideration, denied BFI intervention because, in its opinion, BFI lacked direct, immediate and

1. For a related case, *see Browning–Ferris, Inc. v. Department of Environmental Resources,* 143 Pa. Commonwealth Ct. 243, 598 A.2d 1057 (1991).

2. *See* Section 507(a)(1) of the Municipal Waste Planning, Recycling and Waste Reduction Act, Act of July 28, 1988, P.L. 556, 53 P.S. § 4000.507(a)(1).

substantial interests in the outcome of Montgomery County's appeal and failed to demonstrate that Berks County would not adequately defend the Plan. The Board also stated that BFI's request "must be denied because even in the event the appeal is successful, there is no showing of any injury to [BFI] since the appeal's limited scope has not been shown by [BFI] to adversely affect [BFI's] proposed landfilling operation, but rather challenges another segment of the [P]lan." Board's Opinion, p. 1; *see* n. 7.

■ BFI now seeks our review,[3] raising the issue of whether the Board erred in denying its petition to intervene in Montgomery County's appeal.[4]

Under Section 4(e) of the Environmental Hearing Board Act (Act), Act of July 13, 1988, P.L. 530, 35 P.S. § 7514(e), "[a]ny interested party may intervene in any matter pending before the [B]oard." The Act, however, does not define the phrase "any interested party."

■ In determining whether to grant or deny BFI intervention, the Board relied upon its regulatory provision at 25 Pa.Code § 21.62(b), which provides that "[i]ntervention is discretionary with the Board and shall be subject to the terms and conditions as the Board may prescribe."[5] This

---

3. In reviewing the Board's denial of BFI's petition to intervene, our scope of review is limited to determining whether the Board abused its discretion or committed an error of law. *See Mack v. Zoning Hearing Board of Plainfield Township*, 126 Pa. Commonwealth Ct. 80, 558 A.2d 616 (1989).

4. At oral argument, counsel for Montgomery County represented that Montgomery County had no objection to BFI's intervention.

5. The Board stated that intervention is authorized at its discretion and is generally granted where the petitioning party establishes a direct, immediate and substantial interest which is not adequately represented by the other parties. Board's Opinion, p. 3. The Board also stated that, in determining whether or not the petitioning party has met this burden, it considers:

   1. the nature of the petitioning party's interest;
   2. the adequacy of representation by other parties of the petitioning party's position;
   3. the nature of the issues;
   4. the petitioning party's ability to present relevant evidence; and,

regulatory provision was promulgated under the authority of Section 1921–A of The Administrative Code of 1929 (The Administrative Code), Act of April 9, 1929, P.L. 177, *as amended,* added by Section 20 of the Act of December 3, 1970, P.L. 834, *formerly,* 71 P.S. § 510–21, repealed by Section 8(a) of the Act.

Although Section 1921–A was repealed by the Act, effective January 1, 1989, DER contends that this repeal did not preclude the Board from applying its regulatory provision at 25 Pa.Code § 21.62(b), as previously quoted. At first blush, Section 4(g) of the Act, 35 P.S. § 7514(g), would appear to support DER's position. This section provides that "[h]earings of the [B]oard shall be conducted in accordance with the regulations of the [B]oard in effect at the effective date of this act until new regulations are promulgated under section 5."

The new regulations referred to in Section 4(g) are specified in Section 5(c) of the Act, 35 P.S. § 7515(c), which directs, *inter alia:*

The rules committee shall recommend to the [B]oard regulations for hearings conducted by the [B]oard ... The regulations shall include time limits and procedure for the taking of appeals and locations of hearings....

This language, in our judgment, contrary to DER's contention, does not contemplate the promulgation of a new regulation for intervention, pending which the Board's former regulation thereon should govern. Rather, it pertains only to regulations relating to time limits, procedure for taking appeals and hearing locations.

██ It is readily apparent that the legislature deliberately excluded intervention from coverage under Sections 4(g) and 5(c) of the Act, 35 P.S. §§ 7514(g) and 7515(c), because it had already specifically set forth, under Section 4(e) of the Act, 35 P.S. § 7514(e), the standard for intervention in stating that "[a]ny interested party may intervene in any

5. the effect of the petitioning party's intervention on the administration of the statute under which the proceeding is brought.
*Id.*

matter pending before the [B]oard." There was thus no need to promulgate a regulation therefor pursuant to Sections 4(g) and 5(c) of the Act. It follows that the Board's regulatory provision at 25 Pa.Code § 21.62(b), promulgated as it was under the authority of Section 1921–A of The Administrative Code, *formerly*, 71 P.S. § 510–21, repealed by the Act, was not saved by virtue of Section 4(g) of the Act, 35 P.S. § 7514(g).[6]

■ For the foregoing reasons, we conclude that there was no intent on the part of the legislature in enacting the Act to limit intervention in any matter pending before the Board beyond the requirement that one must be an "interested party" and that the Board abused its discretion and commited an error of law in departing from this standard by basing its decision upon standards inconsistent with its enabling act. While the Board has discretion in determining whether to grant or deny intervention in accordance with the standard set forth in Section 4(e) of the Act, 35 P.S. § 7514(e), it does not have discretion to do so, as was done here, based upon standards extending beyond Section 4(e) of the Act.

■ Because the Act does not define the phrase "any interested party," as previously noted, we must apply the rules of statutory construction to discern its meaning. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a), directs, in relevant part:

> Words and phrases shall be construed ... according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning ... shall be construed according to such peculiar and appropriate meaning or definition.

As set forth in Black's Law Dictionary, " '[p]arty' is a technical word having a precise meaning in legal parlance; it refers to those by or against whom a legal suit is brought

---

6. It is also interesting to note that the Act does not appear to require the Board to conduct a hearing prior to determining whether to grant or deny a request for intervention, thereby rendering Sections 4(g) and 5(c) of the Act inapplicable to such requests.

... the party plaintiff or defendant ..." *Id.* at 1010 (5th ed. 1979). Obviously, BFI would not be a "party" to Montgomery County's appeal before the Board if the technical definition of that term attached here.

We note, however, that "[i]n the construction of the statutes of this Commonwealth, the rules [of statutory construction] shall be observed, *unless* the application of such rules would result in a construction inconsistent with the manifest intent of the General Assembly." Section 1901 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1901 (emphasis added). In the instant context, the term "party" cannot be reasonably construed as limited to the litigants; otherwise, there would be no need to intervene and no provision made therefor.[7]

▓▓▓▓▓ To the contrary, here, in the context of intervention, the phrase "any interested party" actually means any person or entity interested, *i.e.*, concerned, in the proceedings before the Board. The interest required, of course, must be more than a general interest in the proceedings; it must be such that the person or entity seeking intervention will either gain or lose by direct operation of the Board's ultimate determination. *See* Black's Law Dictionary 730 (5th ed.1979); *see also* 2 Pa.C.S. § 101 wherein a party is defined as "[a]ny person who appears in a proceeding before an agency who has a direct interest in the subject matter of such proceeding." To interpret this phrase any differently, under these circumstances, would lead to an absurd and unreasonable result as well as render the Act's intervention provision ineffective; presumably, neither of which the legislature intended here. Section 1922(1), (2) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1), (2).

7. We note Judge Colins' opinion in *Lower Allen Citizens Action Group, Inc. v. Department of Environmental Resources,* 119 Pa. Commonwealth Ct. 236, 538 A.2d 130 (1988), wherein the terms "party" and "person" are discussed in the context of regulations promulgated prior to the Act. "Party," as discussed therein, includes an intervenor.

After careful review of the record, BFI, in our opinion, is, as a matter of law, an "interested party" entitled to intervene in the proceedings before the Board.[8] Having so determined, we find that the Board abused its discretion and committed an error of law in denying BFI's petition to intervene in Montgomery County's appeal and we will therefore reverse the order in question.

## ORDER

AND NOW, this 23rd day of October, 1991, the order of the Environmental Hearing Board, dated May 7, 1991, at EHB Docket No. 91–053–E, is hereby reversed.

8. We note, in passing, that, from our study of Montgomery County's appeal, the Board erroneously assumed, without sufficient basis, that Montgomery County was seeking only the removal of the provisions in the Plan directing 500 tons of Berks County solid waste to Wheelabrator's facility. Montgomery County's appeal, in fact, is far broader in that it requests the Board to overrule DER's approval of the Plan as improper.