607 A.2d 874

**WHEELABRATOR POTTSTOWN, INC., Petitioner,**

**v.**

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 6, 1992.

Decided April 20, 1992.

Louis B. Kupperman, for petitioner.

Thomas Y. Au, Asst. Chief Counsel, and David J. Gromelski, Asst. Counsel, for respondent.

Sheryl L. Auerbach, for intervenor.

CRAIG, President Judge, DOYLE, J. and LORD, Senior Judge.

DOYLE, Judge.

Wheelabrator Pottstown, Inc. (WPI) appeals from an order of the Environmental Hearing Board (Board) which denied WPI's petition to intervene in an appeal taken by Clements Waste Services, Inc., Recycling Works, Inc. and Brian Clements (collectively, Clements) from the Department of Environmental Resources' (DER) conditional approval of the Berks County Municipal Solid Waste Management Plan (Berks County Plan).

The relevant facts are as follows: Pursuant to provisions of the Municipal Waste Planning, Recycling and Waste Reduction Act (Act 101),[1] Berks County was required to prepare and submit to DER a municipal waste management plan for municipal waste generated within the county. As part of the plan, Berks County executed agreements with Browning–Ferris, Inc. (BFI), the Delaware County Solid Waste Authority and Western Berks Refuse Authority (WBRA) to provide landfill capacity. As a further part of the plan, WPI was selected to provide resource recovery capacity for a specified amount per year.[2] On January 9, 1991, DER conditionally approved the Berks County Plan.

On February 25, 1991, Clements filed an appeal with the Board from DER's conditional approval of the Berks County Plan asserting that the Plan failed to meet the minimum requirements for county plans under Act 101. It asserted, *inter alia*, that fair, open and competitive bidding procedures as required by Act 101[3] had not been employed by Berks County in its selection of facilities which would provide services, such as those provided by WPI under the Plan. It also asserted that the Plan impaired some of its existing contracts.

1. Act of July 28, 1988, P.L. 556, 53 P.S. §§ 4000.101–4000.1904.
2. WPI's proposed facility is to be located in West Pottsgrove Township, Montgomery County and is expected to commence operations by 1994.
3. *See* Section 502(f) of the Act, 53 P.S. § 4000.502(f).

BFI, Hays Run Associates[4] and WBRA all separately petitioned to intervene in the Clements appeal. On April 29, 1991, the Board denied the petitions to intervene of BFI and Hays Run Associates. On the same day, WPI filed a petition to intervene in the Clements appeal and in an appeal filed by Montgomery County from DER's conditional approval of the Berks County Plan. By order dated May 17, 1991, the Board denied the petition of WBRA to intervene in the Clements appeal and by order dated June 6, 1991, WPI's petition to intervene was also denied.[5] Appeal by WPI to this Court followed.

In *Browning–Ferris, Inc. v. Department of Environmental Resources*, 143 Pa.Commonwealth Ct. 243, 598 A.2d 1057 (1991), a case arising from the Board's denial of BFI's petition to intervene in the Clements appeal, this Court considered the appropriate standard for intervention. In *Browning–Ferris*, as in the case before us, the Board denied intervention because BFI

> lacked direct, immediate, and substantial interests in the outcome of Clements' appeal; failed to demonstrate that Berks County and DER will not adequately defend the Plan; and failed to disclose any evidence which it would produce or how its intervention would assist the Board in resolving Clements' appeal.

*Id.*, 143 Pa.Commonwealth Ct. at 247, 598 A.2d at 1059 (footnote omitted).

The Court determined that the proper standard for intervention is as set forth in Section 4(e) of the Environmental Hearing Board Act (Act), Act of July 13, 1988, P.L. 530, 35 P.S. § 7514(e), which provides that "[a]ny interested party may intervene in any matter pending before the board." The Court further explained that,

> in the context of intervention, the phrase "any interested party" actually means any person or entity interested,

4. Hays Run Associates is the owner of a tract of land located in Berks County upon which BFI proposed to operate a municipal waste landfill.

5. The Board did, however grant WPI's petition to intervene in the Montgomery County appeal but limited WPI's participation in that matter to a defense against the allegations of Montgomery County.

i.e., concerned, in the proceedings before the Board. The interest required, of course, must be more than a general interest in the proceedings; it must be such that the person or entity seeking intervention will either gain or lose by direct operation of the Board's ultimate determination.

*Id.*, 143 Pa.Commonwealth Ct. at 250, 598 A.2d at 1060–61. The Court, after reviewing the record held that BFI was, as a matter of law, an "interested party" entitled to intervene in the Clements appeal. Accordingly, the Court reversed the Board's order denying BFI intervention.[6]

Under the terms of the Berks County Plan, WPI was designated to receive 155,125 tons per year of municipal waste.[7] Should the Board determine that the Berks County Plan does not meet the requirements of Act 101, WPI's contract rights may be affected. Clearly, WPI has "more than a general interest in the proceedings" and may "lose by direct operation of the Board's ultimate decision." We

6. In a companion case, *Browning–Ferris, Inc. v. Department of Environmental Resources*, 143 Pa.Commonwealth Ct. 251, 598 A.2d 1061 (1991), in which BFI appealed from an order of the Board denying its petition to intervene in the Montgomery County appeal, this Court held that BFI was an "interested party" in those proceedings and reversed the Board's order.

7. The award of the contract was challenged in *Stapleton v. Berks County*, 140 Pa.Commonwealth Ct. 523, 593 A.2d 1323 (1991). In that case, John J. Stapleton, a citizen and taxpayer of Berks County commenced an action in the Court of Common Pleas of Berks County seeking injunctive and other unspecified equitable relief to prevent Berks County from awarding the contract to WPI. The common pleas court denied the request for a preliminary injunction and Stapleton appealed to this Court.

On appeal, this Court concluded that the bidding process utilized to award the contract to WPI was irregular and that an injunction should be ordered. Accordingly, this Court issued an order on June 24, 1991, enjoining Berks County from executing or performing on the waste disposal contract with WPI.

In *Stapleton*, the injunction that was issued was a preliminary one. A preliminary injunction is designed to preserve the status quo until the legality of the challenged action can be decided on the merits. *Pennsylvania Interscholastic Athletic Association v. Geisinger*, 81 Pa.Commonwealth Ct. 421, 474 A.2d 62 (1984). The injunction in *Stapleton*, because it did not decide the merits of the suit, does not serve to extinguish WPI's rights under the Berks County Plan.

therefore conclude, under the analysis set forth in *Browning-Ferris*, that WPI is an "interested party" under Section 4(e) of the Act. Accordingly, we reverse the order of the Board denying WPI's petition to intervene in the Clements appeal.

## ORDER

NOW, April 20, 1992, the order of the Environmental Hearing Board in the above-captioned matter is hereby reversed.