**Beverly STRAIN and Bernard Strain**

v.

**SIMPSON HOUSE, Polly Etling, David Powell, David Adams, Eastern Pennsylvania Conference of United Methodist Church, Carolyn Unkle and Audrey Charleston.**

**Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF STATE, BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1997.
Decided Feb. 27, 1997.

James A. Holzman, Harrisburg, for appellants.

Margaret M. Koral, Philadelphia, for appellees, Simpson House, et al.

Before PELLEGRINI and FLAHERTY, JJ., and JIULIANTE, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of State, Bureau of Professional and Occupational Affairs (Bureau) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) denying a request for a protective order and refusing to quash subpoenas granted to Beverly Strain and Bernard Strain.

Beverly Strain, a licensed practical nurse, began working for Simpson House, a retirement home, in 1984. She was discharged from her employment in April of 1993, following a disagreement about the registering of voters within the retirement home. She filed an action against Simpson House and several of its employees for compensatory damages on the basis of, among other things, wrongful discharge, malicious prosecution, wrongful use of civil proceedings and defamation. Strain alleges that an employee of Simpson House, Polly Etling, filed a complaint against her with the Bureau with the intention of inducing the Bureau to suspend or terminate her nursing license. (Original Record, Complaint ¶ 36). She further alleges that the complaint was lodged with the Bureau with a malicious motive and without cause but rather in retaliation for Strain's actions in registering as voters residents of Simpson House. (O.R. Complaint ¶ 38–41).[1] The State Board of Nursing,[2] which is part of the Bureau,

---

**1.** The complaint has 17 counts, most of which refer to the intentional reporting of false information to authorities, particularly the Bureau.

**2.** The State Board of Nursing is a professional licensing board which has the duty to investigate and discipline nurses practicing with the Commonwealth pursuant to, among other laws, the Practical Nurse Law, the Act of March 2, 1956,

investigated the complaint against Strain, which alleged that she registered a person who was incompetent, and determined there was insufficient evidence to bring formal charges.

Although the Commonwealth is not a party to the underlying action, Strain requested and obtained subpoenas for a record deposition with the Law Enforcement Division and Legal Division of the Bureau. The subpoenas ordered employees of those divisions to bring "any and all records including but not limited to hand written notes, tape recordings, computer memorializations, statements of third parties and investigative reports relative to the complaint of Polly Etling against Beverly Strain." (Reproduced Record, Documents 1 and 2). The Bureau's investigation into the professional complaint against Strain is closed, and both Strain and the defendants to the underlying action were involved in the professional complaint and investigation.

The Bureau filed a motion to quash the subpoena and requested a protective order asserting that the information subject to the subpoenas is privileged and not subject to discovery.[3] The trial court denied the motion and ordered the Bureau to comply with the subpoenas. The Bureau filed its notice of appeal and statement of matters complained of asserting that the order was appealable under the exception to the final order rule for collateral orders. The trial court held that its order was not collateral because it was not separable from the main cause of action in that the production of the investigative file could determine an ultimate issue in the case. The Bureau then filed this appeal.

█ As a general rule, appellate courts do not provide interim supervision of discovery proceedings conducted in connection with pending litigation absent unusual circumstances. *Robec, Inc. v. Poul,* 452 Pa.Super. 264, 681 A.2d 809 (1996). Although acknowl-

edging this rule,[4] the Bureau contends that this appeal is properly before this court under Pennsylvania Rules of Appellate Procedure 313 which permits appeals as of right from collateral orders. A collateral order is defined in Pa.R.A.P. 313(b) as:

1. an order separable from and collateral to the main cause of action;

2. where the right involved is too important to be denied review; and,

3. the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313 is considered a codification of pre-existing case law, in particular *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978), relying on *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The requirements to be satisfied to bring an appeal under the collateral order doctrine are stringent and must be narrowly construed. *Watson v. City of Philadelphia,* 665 A.2d 1315 (Pa.Cmwlth.1995).

█ The Bureau argues that the order is collateral because whether or not its documents are privileged is a separate issue from Strain's cause of action for wrongful discharge and misuse of civil proceedings. In general, in determining whether an order is separable from and collateral to the main cause of action, the court must decide whether the claimed rights affected by the order are also ingredients of the main cause of action. *Bollinger by Carraghan v. Obrecht,* 122 Pa.Cmwlth. 562, 552 A.2d 359 (1989), *petition for allowance of appeal denied,* 527 Pa. 588, 588 A.2d 511 (1990). However, in *Doe v. Commonwealth, Department of Public Welfare,* 105 Pa.Cmwlth. 482, 524 A.2d 1063 (1987), this court followed the example of the federal courts in holding that discovery orders are not considered collateral unless they in no way relate to the merits of the case. Discussing the purposes of the collateral or-

---

P.L. (1955) 1211, *as amended,* 63 P.S. §§ 651–667.8.

3. The Bureau asserted that the information subpoenaed is privileged under either the executive privilege, the Right–to–Know Law or the attorney work-product doctrine, or, that the documents are not subject to discovery because pro-

duction would cause the Bureau unreasonable annoyance, oppression, burden and expense.

4. The Department does not contend that the trial court's order was a final order or an interlocutory order appealable as of right or after certification.

der exception, we cautioned that to allow appeals from discovery orders would be "to invite inundation of appellate dockets with what have heretofore been regarded as non-appealable matters" and would make the appellate courts "second-stage motion courts". *Id.* 524 A.2d at 1065, quoting *Borden Co. v. Sylk,* 410 F.2d 843, 846 (3rd Cir.1969). *See also Grinnell Corp. v. Hackett,* 519 F.2d 595 (1st Cir.), *cert. denied,* 423 U.S. 1033, 96 S.Ct. 566, 46 L.Ed.2d 407 (1975). Although in *Doe* the discovery order was directed at a party to the underlying action, citing *Borden,* we stated that we saw no difference between orders directed at nonparties and those directed at parties.

The issue in *Doe* was whether a trial court's order concluding that certain Department of Public Welfare documents sought in discovery were not privileged was a collateral order. We held:

> Here, the documents relate to the action undertaken by the staff and physicians at Mayview State Hospital, which actions Doe asserts, by their negligence, were the proximate cause of her injury. The information sought has the potential to determine the ultimate issues of liability or to dissuade the trier of fact from finding liability at all. When courts have applied the Cohen doctrine to discovery orders, they have held them to be "separable and collateral" only when they did not relate in any way to the merits of the action itself.

*Doe,* 524 A.2d at 1065.

Likewise, in *Commonwealth, Department of Environmental Resources v. Texas Eastern Transmission Corp.,* 130 Pa.Cmwlth. 655, 569 A.2d 382 (1990), Texas Eastern sought to compel discovery of documents held by DER (a party to the action) which DER contended were privileged. Quashing the appeal, we held that the documents Texas Eastern sought had "the potential to determine the ultimate issues" in the case and, therefore, the order was not appealable as a collateral order.[5]

■ Although the fact that the Bureau is not a party to the action is generally a factor in determining whether an order is separable from the underlying action, *Steel v. Weisberg,* 347 Pa. Super. 106, 500 A.2d 428 (1985) (finding a protective order did not meet the tripartite test for the collateral order doctrine, but stating that it was arguably separable because the appellant is a non-party and claims a statutory right independent of the underlying action), it is not determinative. In *Borden,* the Third Circuit held that a judge's order directing a witness to provide evidence in the action pending lacks the finality required to support an appeal by the witness. *Borden,* 410 F.2d at 846, citing *Alexander v. United States,* 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906). *See also DeMasi v. Weiss,* 669 F.2d 114, 121 (3rd Cir.1982). The *Borden* court stated that every non-party witness can allege some damage or potential loss because of the litigation; however, the risk of such a loss must be balanced with the need for efficient judicial administration and the avoidance of piecemeal litigation. *Borden,* 410 F.2d at 846. *See also Watson,* 665 A.2d at 1317 (unless the collateral order rule is narrowly construed, it would "swallow up the final order rule, causing litigation to be interrupted and delayed by piecemeal review of trial court decisions.")[6]

5. The following decisions in Pennsylvania found discovery orders to be collateral: *Hutchison v. Luddy,* 414 Pa. Super. 138, 606 A.2d 905 (1992) (held order denying a Diocese's request for a protective order for materials maintained under the Code of Canon Law was separable because it "does not decide the principal action"); *Commonwealth v. Miller,* 406 Pa. Super. 206, 593 A.2d 1308 (1991) (held order directing a women's center (a nonparty) to produce records pertaining to the victim of an alleged sexual assault in the criminal trial of the alleged perpetrator collateral, merely concluding as to the first factor of the test that the order was separable).

6. We realize that this policy may cause difficulty for the Bureau and other agencies in fulfilling their investigative duties because witnesses may not feel free to provide information which may later be ruled discoverable by a trial court in a related action. *See generally Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Frankenhauser v. Rizzo,* 59 F.R.D. 339 (E.D.Pa.1973); *Commonwealth v. Kauffman,* 413 Pa. Super. 527, 605 A.2d 1243 (1992). Such an interest is expressly protected by statute in some instances: Section 8 of the Act of October 4, 1978, P.L. 883, *as amended,* 65 P.S. § 408 provides that inquiries and investigations by the State Ethics Commission, including the com-

 

In this case, Strain's complaint is largely based on the allegedly false charges made by Etling and the other defendants to the Bureau. What those charges were, the nature of the evidence presented by Etling and Simpson House, any statements given during the Bureau's investigation and the conclusions reached are all within the documents subpoenaed and are all relative to the merits of the action itself. Because the documents have the potential to determine at least one of the ultimate issues in the case, the trial court's order was not separable from and collateral to Strain's cause of action.[7] Although the Bureau is not a party to the Strain's action, we find it more important that both the subject and the initiators of the Bureau's investigative file are parties to the underlying action and wish the files to be discovered.

Notwithstanding the importance of the privilege asserted by the Bureau, this court has no jurisdiction to hear the appeal unless all three factors of the collateral order rule are met. *Doe,* 524 A.2d at 1063.[8] *See also Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985). Because the first factor, "separability", was not met, and because the order was otherwise interlocutory and unappealable, we must quash the Bureau's appeal.

### ORDER

AND NOW, this 27th day of February, 1997, the appeal by the Commonwealth of Pennsylvania, Department of State, Bureau of Professional and Occupational Affairs from the order of the Court of Common Pleas of Philadelphia County, dated May 10, 1996, No. 2627 April Term 1995, is quashed.

---

plaint, are confidential; 42 Pa.C.S. § 4549 provides that all persons involved in the grand jury proceedings must be sworn to secrecy. However, the General Assembly chose not to provide a similar guaranty of confidentiality for investigations by the Bureau.

7. Our holding does not leave the Bureau, or a party in a similar position, without options. The Bureau could have requested that the trial court certify its order for appeal by permission under 42 Pa.C.S. § 702(b) based on the importance of the privilege asserted and the substantial grounds for disagreement on the controlling question. *See also* Pa.R.A.P. 1311(b). A second option, requiring the Bureau or any witness not wishing to provide subpoenaed evidence or testimony to determine how important it considers the asserted privilege or reason for refusing a subpoena, requires the Bureau to refuse to pro-

vide the documents, invoking a citation for contempt and the imposition of sanctions, and then to challenge the contempt proceedings. *In re Investigating Grand Jury of Philadelphia County,* 496 Pa. 452, n. 3, 437 A.2d 1128, 1130 n. 3 (1981); *Petition of Specter,* 455 Pa. 518, 317 A.2d 286 (1974); *Borden,* 410 F.2d at 846.

8. The court in *Doe* stated:

[T]his court should not be compelled to find appealability solely because of possible serious consequences asserted or the "importance" of the right which may be compromised if review is not immediately had. Every party resisting discovery rightly invokes a significant claim ... The common pleas court, having original jurisdiction, is charged with disposing of those conflicting interests.

*Doe,* 524 A.2d at 1065.