**Ewa Marta BEN and Arthur T. Ben**

v.

**Burton SCHWARTZ, D.D.S., and Dr. Vincent Depancis, t/a Suburban Dental Care.**

**Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF STATE, BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1997.

Decided March 14, 1997.

---

James A. Holzman, Harrisburg, for appellant.

Richard L. Gerson, Philadelphia, for appellee.

Before PELLEGRINI and FLAHERTY, JJ., and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

The Commonwealth of Pennsylvania, Department of State, Bureau of Professional and Occupational Affairs (Bureau) appeals from an order of the Court of Common Pleas of Montgomery County which dismissed Bureau's motion to quash subpoena granted to Ewa Marta Ben (Ben) and Arthur T. Ben (collectively, Plaintiffs).

This case involves a malpractice action brought by Plaintiffs against Dr. Schwartz, Dr. DePancis and Suburban Dental Care. In their complaint, Plaintiffs alleged that Dr. Schwartz, who practiced under the name Suburban Dental Care, provided negligent dental care to Ben from June 1991 to September 1993. (Complaint, ¶ 7, ¶ 8) The complaint also alleged that Dr. DePancis performed negligent dental work on Ben from June 1991 to September 1993 (Complaint, ¶ 19, ¶ 20) and that some time subsequent to July 1991 and prior to September 1993, Dr. DePanicis purchased Dr. Schwartz's interest in Suburban Dental Care, and thereafter solely treated Ewa Martin Ben (Complaint, ¶ 18).

The Bureau is not a party to this underlying action, however, Plaintiffs served a subpoena on an employee of the Bureau directing the employee to produce Bureau's entire investigative file pertaining to Dr. Schwartz.[1] The Bureau filed a motion to quash the subpoena and requested a protective order asserting that the information subject to the subpoena is privileged and not subject to discovery.[2] The trial court, determining that the information was not privileged, denied the motion and ordered Bureau to comply with the subpoena. This appeal followed. Subsequent to filing this appeal, Plaintiffs and Dr. Schwartz entered into a joint tortfeasor release of claims against Dr. Schwartz. The investigation of Dr. Schwartz by the Bureau is still open. The Bureau's file also contains information, including dental rec-

---

1. The State Board of Dentistry is a professional licensing board within the Bureau and has the duty of investigation and discipline of Pennsylvania dentists, pursuant to Section 3(h) of The Dental Law, Act of May 1, 1933, P.L. *as amended*, 63 P.S. § 122(h).

2. Bureau maintained that the investigative file is privileged under the executive privilege, the Right–to–Know Law, and patient confidentiality interests, and that production of the documents would cause the Bureau unreasonable annoyance, expense, burden and oppression.

ords, pertaining to complaints filed by individuals other than Ben.

■ Although acknowledging that the trial court order at issue is not a final order, Bureau maintains that order is appealable under the exception to the final order rule for collateral orders. Pa. R.A.P. 313 states that an appeal may be taken as of right from a collateral order of an administrative agency or lower court. A collateral order, although not ending the litigation or disposing of the case, must (1) be separable from and collateral to the main cause of action, (2) involve a right too important to be denied review and (3) present a question such that if review is postponed until final judgment in the case, the claimed right will be irretrievably lost.[3] *Doe v. Department of Public Welfare*, 105 Pa.Cmwlth. 482, 524 A.2d 1063, 1064 (1987). "These characteristics can be reduced to the three issues of separability, importance, and urgency." *Grinnell Corp. v. Hackett*, 519 F.2d 595 (1st Cir.1975). All three criteria must be satisfied. *Doe.*

■ Initially, we note that discovery orders are considered collateral "only when they [do] not relate *in any way* to the merits of the action itself." *Doe* 524 A.2d at 1065. (emphasis added.) Bureau however maintains that the trial court's order is separable and collateral to the main cause of action as Plaintiffs can continue their cause of action without the Bureau's investigative file of Dr. Schwartz. Bureau states that the Plaintiffs may seek discovery from the remaining defendant, Dr. DePancis, and that the release of investigative materials pertaining to Dr. Schwartz, who is no longer a party to the underlying action, has no bearing on the issue of Dr. DePancis' liability. We disagree and are guided by this court's recent decision in *Strain v. Simpson House*, 690 A.2d 785, 788 (Pa.Cmwlth.1997).

In that case, Strain, who was discharged from her employment as a nurse with Simpson House, filed an action against her employer and several employees alleging wrongful discharge and malicious prosecution. Strain maintained that Etling, a co-employee, filed a complaint against her with the Bureau based on a malicious motive. After an investigation, Bureau determined that there was insufficient evidence to bring charges against Strain for registering a voter who was incompetent.

Strain obtained a subpoena for Bureau's investigative file pertaining to the compliant filed by Etling against her. Bureau filed a motion with the trial court seeking to quash the subpoena, alleging that it was privileged. The motion was denied by the trial court and, on appeal, this court determined that the trial court's order was not appealable as a collateral order. In observing that discovery orders are not considered collateral unless they in no way relate to the merits of the case, this court stated that "Strain's complaint is largely based on the allegedly false charges made by Etling and the other defendants to the Bureau. What those charges were, the nature of the evidence presented by Etling and Simpson House, any statements given during the Bureau's investigation and the conclusions reached are all within the documents subpoenaed and are all relative to the merits of the action itself." *Id.* at 789.

■ Here, although Dr. Schwartz is no longer a party to the underlying action, this court has previously held that there is no difference between orders directed at non-parties and those directed at parties. *Doe.* As Plaintiffs question the care provided to Ben, during a time when both dentists treated her, the performance of one will undoubtedly shed light upon the performance of the other. Thus, "[b]ecause the documents have the potential to determine at least one of the ultimate issues in the case, the trial court's

---

**3.** Collateral orders are addressed in Pa. R.A.P. 313, which provides:
  **(a) General Rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
  **(b) Definition.** A collateral order is an order separable from and collateral to the main

cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

order was not separable from and collateral to [Plaintiff's] cause of action." *Strain* at 788, 789.

We recognize that the facts in this case while similar to *Strain* are also different. Here, Plaintiffs seek a file concerning an ongoing investigation, whose contents relate not only to Ben, but to other individuals who have also filed complaints against Dr. Schwartz. In contrast, the investigation in *Strain* was complete and "both the subject and the initiators of the Bureau's investigative file [were] parties to the underlying action and wish the files to be discovered." *Id.* at 789. Nonetheless, this distinction does not change the outcome of this case. The distinguishing factors, i.e., incomplete investigation and inclusion in the investigative file of persons other than Ben all relate to a statutory privilege claimed by Bureau, which deals with the second prong of the collateral test, the "importance" of the right. *Doe.*

In *Doe* the Department of Public Welfare claimed, as Bureau does here, that the subpoenaed documents were statutorily privileged. However, the *Doe* court, acknowledging the importance of the confidentiality provisions in the statute, stated that courts:

> should not be compelled to find appealability solely because of the possible serious consequences asserted or the 'importance' of the right which may be compromised if review is not immediately had. Every party resisting discovery rightly invokes a

significant claim and every interlocutory order, as the *Borden* [*Co. v. Sylk*, 410 F.2d 843 (3rd Cir.1969) ] court said, 'involves, to some degree, a potential loss.' *Id.* at 846. The common pleas court, having original jurisdiction, is charged with disposing of those conflicting interests.

*Id.* 524 A.2d at 1065.

Here, as in *Doe*, the trial court determined that the documents are not privileged and "[n]otwithstanding the importance of the confidentiality provisions of the [statutes], appealability ... will not lie unless, as we have said, all three factors are satisfied." *Id.* Therefore, because Bureau failed to meet the first prong of the collateral order test, i.e., separability, we need not decide the remaining two prongs, i.e. importance and urgency. Accordingly, the Bureau's appeal from the trial court's order is quashed.

### ORDER

NOW, March 14, 1997, the appeal from the order of the Court of Common Pleas of Montgomery County at No. 94–19646, dated February 13, 1996, is quashed.