**JEFFERSON COUNTY, the Jefferson County Solid Waste Authority, the Clearfield–Jefferson Counties Regional Airport Authority, and Pine Creek Township, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL PROTECTION, and Leatherwood, Inc., Respondents.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1997.

Decided Dec. 4, 1997.

Reargument Denied Jan. 27, 1998.

▮

Robert A. Reiley, Confluence, for petitioners.

No appearance entered for respondents.

Before McGINLEY and PELLEGRINI, JJ., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Jefferson County, Jefferson County Solid Waste Authority, Clearfield–Jefferson Counties Regional Airport Authority and Pine Creek Township (collectively "Petitioners") petition for review of the December 24, 1996 order of the Environmental Hearing Board (EHB) denying their petition to intervene in the case of *Leatherwood, Inc. v. Department of Environmental Protection*, EHB Docket No. 96–249–C (Leatherwood's Suspension Appeal).[1] The basis for the EHB's denial was that the issues Petitioners wished to raise are already being addressed in the case of *Jefferson County Commissioners, et al., Pinecreek Township v. Department of Environmental Protection*, EHB Docket No. 95–097–C (Petitioners' Permit Appeal).

The threshold issue before us is whether the December 24, 1996 order is appealable to this Court. We conclude that it is not and, therefore, quash the above-captioned appeal.

The background of this case is as follows. On May 12, 1995, the Department of Environmental Protection (Department) issued Solid Waste Permit No. 101604 to Leatherwood to operate a landfill in Jefferson County. On June 9, 1995, Petitioners filed a

third-party appeal, the Permit Appeal, with the EHB challenging the Department's issuance of the permit.

Petitioners claim that the Permit Appeal was vigorously litigated up until October 10, 1996, when subsection (d) was added to Section 1220 of the Federal Aviation Reauthorization Act, 49 U.S.C. § 44718. Subsection (d) provides as follows:

> (d) LANDFILLS—For the purposes of enhancing aviation safety, in a case where 2 landfills have been proposed to be constructed or established within 6 miles of a commercial service airport with fewer than 50,000 enplanements per year, no persons shall construct or establish either landfill if an official of the Federal Aviation Administration has stated in writing within the 3–year period ending on the date of the enactment of this section that 1 of the landfills would be incompatible with aircraft operations at the airport, unless the landfill is already active on such a date of enactment or the airport operator agrees to the construction or establishment of the landfill.

49 U.S.C. § 44718.

On the basis of Section 1220(d), the Department issued an October 21, 1996 order suspending Leatherwood's solid waste permit. (R.R. 8–12a.) On November 7, 1996, Leatherwood filed a notice of appeal with the EHB challenging the Department's October 21, 1996 suspension of its solid waste permit (Suspension Appeal). (R.R. 6–7a.)

On December 6, 1996, Petitioners filed a motion for leave to intervene in Leatherwood's 1996 Suspension Appeal. (R.R. 13–18a.) In a December 24, 1996 order, the EHB denied their request for intervention in Leatherwood's Suspension Appeal on the grounds that the issues that the Petitioners wished to raise were already addressed in their 1995 Permit Appeal. On January 21, 1997, Petitioners filed a petition for review in our Court therein challenging the EHB's denial of the motion for intervention. Below, we set forth our reasons for concluding that

---

1. The Department of Environmental Protection and Leatherwood filed notices of non-partic-
ipation in the above-captioned appeal before this Court.

the December 24, 1996 order is not appealable to this Court.

Following the 1992 amendments to Pa. R.A.P. 341, an order denying a petitioner the right to intervene no longer may be deemed a final order within the meaning of Rule 341. The Note to Rule 341 states that, in an appropriate case, such an order might fall under Pa. R.A.P. 312, relating to interlocutory appeals by permission, or Pa. R.A.P. 313, relating to collateral orders.

Here, Petitioners did not follow any of the rules for securing appeal by permission set forth in Pa. R.A.P. 312. Thus, we must determine whether the EHB's order denying intervention is a collateral order under Pa. R.A.P. 313. *See Cogan v. County of Beaver,* 690 A.2d 763 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 548 Pa. 661, 698 A.2d 68 (1997).

Rule 313(b) defines an appealable collateral order as follows:

> [A]n order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa. R.A.P. 313(b).

In *Strain v. Simpson House,* 690 A.2d 785, 787 (Pa.Cmwlth.1997), we noted that "[t]he requirements to be satisfied to bring an appeal under the collateral order doctrine are stringent and must be narrowly construed." In addition, we stated that, generally "in determining whether an order is separable from and collateral to the main cause of action, the court must decide whether the claimed rights affected by the order are also ingredients of the main cause of action." *Id.* at 787.

We note that, because the decision of whether an order is collateral is fact sensitive, it can be difficult to make a determination at the time a petition for review is filed. Here, however, we conclude that the requirements for an appeal under the collateral order doctrine have not been met.

In *Cogan v. County of Beaver,* 690 A.2d 763 (Pa.Cmwlth.1997), we determined that a trial court's order denying a petition to intervene in a local agency appeal was not appealable under the collateral order doctrine. In so holding, we noted that "the merits of the petition to intervene necessarily are considered as part of the analysis to determine whether the claim asserted is 'too important to be denied review,'" but that "the mere assertion of a right to intervene is not per se too important to be denied review." *Id.* at 765. In addition, we stated that "[t]he appellant must at a minimum show actual entitlement to intervene under the applicable Rules of Civil Procedure in order to meet this test." [2] *Id.*

Here, the EHB's reason for denying Petitioners' petition to intervene was that the issues they wished to raise in the Suspension Appeal were already being addressed in the Permit Appeal. We note that the main issue in Leatherwood's 1996 Suspension Appeal is the constitutionality of Section 1220(d) of the Federal Aviation Reauthorization Act [3] and that the primary issue in the 1995 Permit Appeal is whether DEP should have issued the solid waste permit. [4] Given the fact that we must narrowly construe the requirements

---

2. Section 4(e) of the Environmental Hearing Board Act, Act of July 13, 1988, P.L. 530, 35 P.S. § 7514(e), provides that "[a]ny interested party may intervene in any matter pending before the board." Specifically, we have further explained that

> in the context of intervention, the phrase "any interested party" actually means any person or entity interested, i.e., concerned, in the proceedings before the Board. The interest required, of course, must be more than a general interest in the proceedings; it must be such that the person or entity seeking intervention will either gain or lose by direct operation of the Board's ultimate determination.

*Wheelabrator Pottstown, Inc. v. Department of Environmental Resources,* 147 Pa.Cmwlth. 401, 607 A.2d 874, 876 (1992) (quoting *Browning–Ferris, Inc. v. Department of Environmental Resources,* 143 Pa.Cmwlth. 243, 598 A.2d 1057, 1060–61 (1991)).

3. *See* Leatherwood's November 20, 1996 Appeal to the EHB, (Suspension Appeal); R.R. 6–7a.

4. *See* Petitioners' June 9, 1995 Appeal to the EHB, (Permit Appeal); Petitioners' Brief, Supplement to Appendix.

for bringing an appeal under the collateral order doctrine, we conclude that Petitioners failed to show "actual" entitlement to intervention.

Accordingly, we quash the above-captioned appeal.

## ORDER

AND NOW, this 4th day of December, 1997, we hereby quash Petitioners' appeal of the Environmental Hearing Board's December 24, 1996 order.