509 A.2d 939

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board and Westmoreland Tavern Association *v.* Frank Raneri and Lena Raneri, t/a Raneri's Supper Club. Westmoreland Tavern Association, Appellant.

Argued October 8, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Eileen Maunus,* with her, *Irving L. Bloom,* for appellant.

*James R. McDonald,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 20, 1986:

Westmoreland Tavern Association (Association) appeals a Westmoreland County Common Pleas Court order reversing a Pennsylvania Liquor Control Board (LCB) decision and granting Frank and Lena Raneri's application for a new liquor license. We reverse.

Frank and Lena Raneri are attempting to reopen their Italian-style restaurant in Hempfield Township. Hempfield Township has exceeded its quota of twenty-one licenses for the retail sale of alcoholic beverages[1] under Section 461(a) of the Liquor Code (Code).[2]

The Raneris applied for a new restaurant liquor license under the Code's resort area exception to the license quota.[3] The LCB denied the application, finding that no need for an additional license had been established.

The common pleas court conducted a *de novo* hearing,[4] at which time it granted the Association's petition

---

[1] There are presently thirty-four restaurant liquor licenses and one retail dispenser eating place license in effect which are counted against the quota and four hotel liquor licenses, fourteen club liquor licenses and five catering club liquor licenses which are not counted.

[2] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461(a), provides, in part, that only one license for each 2,000 inhabitants of a municipality may be granted by the Board.

[3] Section 461(b) of the Code, 47 P.S. §4-461(b), provides that the "board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area." The phrase "such municipality" refers to municipalities under Section 461(a).

[4] A *de novo* hearing is required by Section 464 of the Code, 47 P.S. §4-464.

to intervene.[5] It found that the Raneris had proved the necessity for an additional liquor license and directed the Board to grant the application.[6]

Because the common pleas court took additional evidence and made its own findings of fact, our scope of review is limited to determining whether substantial record evidence supports those findings and whether the trial court abused its discretion or committed an error of law. *Appeal of Daras,* 65 Pa. Commonwealth Ct. 456, 442 A.2d 859 (1982).

---

[5] The Raneris contend that the Association lacks standing to intervene. We disagree. In *In re Family Style Restaurant, Inc.,* 503 Pa. 109, 468 A.2d 1088 (1983), our Supreme Court denied standing to an association which failed to establish the necessary substantial, direct and immediate interest in the Board's action. Here, however, the Association has sufficiently demonstrated that it (through loss of dues-paying members driven out of businesses which are even now "having a rough time") and its members (through loss of businesses) would be "aggrieved" by the grant of a "resort area" restaurant liquor license to the Raneris. It appears from the record that any dearth of proof on the standing issue was a product of the common pleas court's decision to grant the Association's petition to intervene and move on to the merits. Moreover, unlike *Application of El Rancho Grande, Inc.,* 496 Pa. 496, 437 A.2d 1150 (1981), the Association does not merely duplicate individual members' efforts because they have not acted independently.

[6] Although a trial court may not substitute its discretion for that of the Board, it may reverse if it finds that the Board has committed a clear abuse of discretion. *Pennsylvania Liquor Control Board v. Jimmy Paul's, Inc.,* 82 Pa. Commonwealth Ct. 280, 475 A.2d 914 (1984). The common pleas court concluded that the Raneris had met their burden of proof in light of (1) their testimony and that of their witnesses and (2) the failure of the Board and the Association to refute this testimony. We hold that the common pleas court implicitly concluded that the Board had abused its discretion by reaching a contrary result.

Moreover, we hold that the common pleas court's extensive recitation of "testimony" offered by the Raneris amounted to findings of fact in light of its conclusion.

A license applicant under the resort area exception must prove that (1) the premises sought to be licensed are located within a resort area and (2) there is actual need for the additional license in the area. *Appeal of Brandywine Valley Inn, Inc.,* 53 Pa. Commonwealth Ct. 203, 417 A.2d 823 (1980). The Association contends that the Raneris did not meet their burden of proof.

Unfortunately, there is insufficient record evidence from which to determine whether Hempfield Township is a "resort area."[7] However, the record does enable us to examine the alleged need for another area liquor license.

With respect to the second aspect of an applicant's burden of proof, this Court has held that the factors to be considered when determining the actual need for an additional liquor license are (1) the need of persons who will use the facility, (2) the number and types of establishments already present in the area and (3) whether the clientele to be served is different from that served by the existing licensees. *Pennsylvania Liquor Control Board v. Spring Gulch,* 87 Pa. Commonwealth Ct. 395, 487 A.2d 472 (1985). "The real question is whether the Applicant can add a service where and when the present licensee[s] cannot." *Brandywine,* 53 Pa. Commonwealth Ct. at 208, 417 A.2d at 826 (1980).

The record reveals that several of the presently licensed establishments (at least one of which is only four to five miles down the highway from the Raneris' es-

---

[7] A review of the record reveals that evidence on this first prong of Raneris' burden of proof was not developed because, as the common pleas court observed, the Board conceded that their establishment is located within a resort area based on Hempfield Township's inclusion in the Laurel Highlands. Indeed, the Association *may* also have conceded this point, given its counsel's testimony that he understood that the resort area matter was taken care of by the Board and was not really an issue.

tablishment) offer a selection of Italian cuisine and family atmosphere similar to that which would be provided by the Raneris. None of these existing establishments are overcrowded. Moreover, they already serve the clientele to which the Raneris would cater—local residents and highway travelers.

We hold that the common pleas court erred by concluding that there is a need for an additional restaurant liquor license in Hempfield Township.

Reversed.

## ORDER

The order of the Court of Common Pleas of Westmoreland County, No. 40 Civil 983 dated September 20, 1983, is reversed. The order of the Pennsylvania Liquor Control Board refusing the application of Frank Raneri and Lena Raneri for a new restaurant liquor license is reinstated.