**Patrick J. COGAN**

v.

**COUNTY OF BEAVER.**

**Appeal of COUNTY COMMISSIONERS' ASSOCIATION OF PENNSYLVANIA, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1996.

Decided Feb. 21, 1997.

Anthony T. McBeth, Harrisburg, for appellant.

Joseph M. Budicak, New Brighton, for appellee.

Before SMITH and LEADBETTER, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

The County Commissioners' Association of Pennsylvania (CCAP) appeals from an order of the Court of Common Pleas of Beaver County (trial court) that denied CCAP's petition to intervene in a local agency appeal in

which Sheriff's Deputy Patrick J. Cogan is seeking to secure benefits under the Act commonly known as the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–638. CCAP states the question involved as whether the trial court properly denied intervention, where Cogan advances a novel interpretation of the Act that, if accepted, would require counties to expend over $1 million; where the claim is based on job functions unique to Beaver County; where CCAP is empowered and required by statute to represent the interests of all of Pennsylvania's counties; and where CCAP could not pursue an appeal if Beaver County lost the case and decided not to appeal.

When the County denied Deputy Cogan's request for benefits he filed an appeal with the trial court pursuant to the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754. CCAP petitioned to intervene in that proceeding. After conducting a hearing, the trial court dismissed the petition for lack of standing of CCAP to intervene, citing *Sierra Club, Pennsylvania Chapter v. Hartman,* 130 Pa. Cmwlth. 100, 567 A.2d 339 (1989), *aff'd,* 529 Pa. 454, 605 A.2d 309 (1992). Deputy Cogan has filed a motion to quash CCAP's appeal, asserting that it is from a non-appealable interlocutory order. This Court directed that the motion be listed for argument along with the merits of the case. The trial court stayed the proceedings there.

The official Note to Pa. R.A.P. 341, relating to final orders, generally, explains that an order denying a petitioner the right to intervene no longer may be deemed a final order within the meaning of Rule 341 following 1992 amendments to that Rule. The Note also states that, in an appropriate case, such an order might fall under Pa. R.A.P. 312, relating to interlocutory appeals by permission, or Pa. R.A.P. 313, relating to collateral orders. As the motion to quash points out, and CCAP agrees, the present appeal is not from an order enumerated in Pa. R.A.P. 311, relating to interlocutory orders appealable as of right, and CCAP did not follow any of the procedures prescribed for securing appeal by permission under Rule 312. Therefore, it must be determined whether the trial court's order denying intervention is a collateral order under Rule 313.[1]

As stated in *Watson v. City of Philadelphia,* 665 A.2d 1315, 1317 (Pa.Cmwlth.1995), Pa. R.A.P. 313(b) defines an appealable collateral order as " '[1] an order separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.' " CCAP asserts that the order determining the question of its intervention obviously is collateral to the main determination of Deputy Cogan's eligibility for benefits. CCAP states further that the claim it advances, a right to participate in Deputy Cogan's local agency appeal before the trial court as a party, obviously will be lost irreparably if the case is permitted to proceed to final judgment before CCAP's appeal is heard—at that time there will be no trial in which it could participate.

As for the second prong of the Rule 313(b) test, that the right involved is too important to be denied review, CCAP notes that the trial court denied its motion on the basis of lack of standing. CCAP argues that this conclusion was in error, relying primarily upon *Pennsylvania Liquor Control Board v. Raneri,* 97 Pa.Cmwlth. 352, 509 A.2d 939 (1986). There this Court concluded that a common pleas court did not err in determining that an association of local restauranteurs had standing to intervene to protect the economic interests of its members in an appeal to common pleas court from the denial of a request for a special liquor license. The Court concluded that the association had demonstrated that it would be aggrieved by the loss of dues-paying members and that some members would be aggrieved by the loss of their businesses if the application were granted. Further, unlike the situation in *Application of El Rancho Grande, Inc.,* 496 Pa. 496, 437 A.2d 1150 (1981), the association's efforts were not duplicative, because

---

**1.** Pa. R.A.P. 313 was added in 1992 as a codification of existing case law relating to appealable collateral orders.

its individual members had not acted independently.

CCAP asserts that Cogan has suggested in this record that he has some unique job duties that bring him within the ambit of the Heart and Lung Act, and it contends that, should the trial court rule in his favor on that basis, the precedent would send "economic shock waves" through all of Pennsylvania's county governments. CCAP further notes that, without its full participation as a party intervenor, it would lack the ability to appeal such a ruling if Beaver County should decide not to appeal.

■ The Court concludes that CCAP's appeal is not from a collateral order meeting all three prongs of the Rule 313(b) test. Assuming that the order denying CCAP's request to intervene is separable from and collateral to Cogan's cause of action seeking a grant of Heart and Lung Act benefits, CCAP has not met the other requirements. CCAP is correct that the merits of the petition to intervene necessarily are considered as part of the analysis to determine whether the claim asserted is "too important to be denied review." However, the mere assertion of a right to intervene is not per se too important to be denied review. The appellant must at a minimum show actual entitlement to intervene under the applicable Rules of Civil Procedure in order to meet this test.

In *Pennsylvania Ass'n of Rural and Small Schools v. Casey,* 531 Pa. 439, 613 A.2d 1198 (1992), the Supreme Court quashed an appeal from this Court's denial of certain petitions for intervention in a matter filed in this Court's original jurisdiction. Although that appeal was decided under the procedures in effect before the 1992 amendments to Rule 341, in considering the merits of the petitions to intervene the Supreme Court noted that, despite the grant of the right to intervene in Pa. R.C.P. No. 2327 to any person with a legally enforceable interest that would be affected by the determination,[2] Pa. R.C.P. No. 2329(2) provides that a peti-

tion to intervene may be denied if the petitioner's interest is already adequately represented. *See also Acorn Development Corp. v. Zoning Hearing Board of Upper Merion Township,* 105 Pa.Cmwlth. 138, 523 A.2d 436 (1987), *appeal denied,* 517 Pa. 632, 539 A.2d 813 (1988) (right to intervene under Pa. R.C.P. No. 2327(4) is not absolute).

The Court concludes that the interests that CCAP seeks to advance are already adequately represented, and that conclusion defeats CCAP's contention that its asserted right to intervene is too important to be denied review. CCAP contends that the situation here is like that in *Raneri* because none of the other 66 counties is participating. In *Raneri,* however, the original parties were the applicant and the state agency; none of the potentially affected local restaurant owners was involved. Here, by contrast, the county with by far the most direct and immediate interest in the outcome of this case, Beaver County, is the respondent in the trial court proceedings and is, as CCAP acknowledges, defending vigorously. On this basis alone the denial of intervention could be held to be proper. As for CCAP's argument that without the status of a party it will lack the ability to take an appeal if Beaver County should choose not to, the Court notes that such is necessarily one effect whenever intervention is denied under Pa. R.C.P. No. 2320(2).

■ CCAP's contention that it or other individual counties have a legally enforceable interest that will be affected by the outcome in Deputy Cogan's case is not persuasive. Its assertion that the Beaver County trial court decision will affect other counties rests on a contention that all other counties will be forced to abide by the trial court's decision in this case. However, the interpretation of a statute by a trial court of one county clearly is not binding precedent for a trial court of another county. *Castle Pre–Cast Superior*

2. Pa. R.C.P. No. 2327 provides in part:
    At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

  . . .
    (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action.

**766**

*Walls of Delaware, Inc. v. Strauss–Hammer,* 416 Pa.Superior Ct. 53, 610 A.2d 503 (1992).[3]

█ The Court also disagrees that the third prong of the collateral order test has been met. CCAP of course is correct that trial court proceedings in which it seeks to intervene will be ended if its appeal is postponed until after the entry of a final order; however, that is true for postponement of review of any denial of a petition to intervene. If it were determined on appeal that CCAP was entitled to intervene, the Court could order the remedy of a new trial with CCAP's participation. There is nothing unusual about the factual allegations in this case that will render CCAP's claims irreparably lost if review is postponed. *Cf. Walker v. Walker,* 362 Pa.Superior Ct. 75, 523 A.2d 782 (1987) (order in the course of a custody dispute directing daughter to visit mother, to undergo a psychological examination and to attend family counseling held to be an appealable collateral order).

Accordingly, the Court concludes that the trial court's order denying intervention to CCAP in Deputy Cogan's local agency appeal was not an appealable collateral order within the meaning of Pa. R.A.P. 313. Therefore, the appeal was taken from a nonappealable interlocutory order, and Deputy Cogan's motion to quash the appeal is granted.

### ORDER

AND NOW, this 21st day of February, 1997, the appeal of the County Commissioners' Association of Pennsylvania is quashed.

---

3. CCAP's assertion that it is statutorily created, mandated and required to represent the interests of all of Pennsylvania's county governments does not rise to the level of a claim of a statutory grant of a right to intervene. Section 440 of The County Code, Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. § 440, authorizes the organization of state associations of county commissioners and of other enumerated county officials. Section 441(a), 16 P.S. § 441(a), provides that the purpose of such associations is "to discuss and resolve the various questions arising in the discharge of the duties and functions of the respective officers, and to provide uniform, efficient and economical methods of administering the affairs of the counties pertaining to their offices." This provision in no sense constitutes a statutory grant of authority to intervene as a party in any proceeding of potential significance to county governments. Nevertheless, the Court sees no reason why CCAP should not be permitted to participate as amicus curiae in any appeal that might be filed from the trial court's ultimate decision in Deputy Cogan's case.