# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

MarkWest Liberty Midstream   :
and Resources, LLC   :
   :
       v.   :
   :
Cecil Township   :
Zoning Hearing Board   :
   :
Appeal of: Megan Warzinski,   :
Doug Warzinski, Jessica Adamski,   :  No. 904 C.D. 2016
and Melanie Dawson   :  Argued: April 6, 2017

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                  FILED: January 11, 2018

Megan Warzinski (Mrs. Warzinski), Doug Warzinski (Mr. Warzinski), Jessica Adamski (Adamski) and Melanie Dawson (Dawson) (collectively, Petitioners) appeal from the Washington County Common Pleas Court's (trial court) May 6, 2016 order denying their Petition to Intervene (Petition). There are three issues before this Court: (1) whether the trial court's order is appealable; (2) whether the trial court erred by denying the Petition; and, (3) whether the trial court denied Petitioners' due process rights.[1] Upon review, we affirm.

MarkWest Liberty Midstream & Resources, LLC (MarkWest) is a limited liability corporation that owns and operates midstream facilities which

---

[1] Petitioners raised an additional issue in their Statement of Questions Involved: Whether the trial court erred by finding that Petitioners' request was prejudicial to MarkWest Liberty Midstream & Resources, LLC. However, because that issue is subsumed in the analysis of the second issue, they have been combined herein.

transport, compress and process oil, gas and other substances extracted from oil and gas wells. On November 29, 2010, MarkWest applied to the Cecil Township (Township) Zoning Hearing Board (Board) for a special exception under Section 911.D.1 of the Township's Unified Development Ordinance (UDO)[2] to construct and operate a natural gas compressor station on an undeveloped parcel of land (Property) located in the Township's I-1 Light Industrial District.[3] The proposed facility would consist of up to 8 engines and surrounding sound structures, dehydration facilities, tanks, a vapor recovery unit, a flare and associated piping (Proposed Facility). The Property is adjacent to R-1 Low Density and R-2 Medium Density Residential Districts, but no residence would be closer than 1,000 feet from the Proposed Facility. Board hearings were held on January 17, January 31 and February 21, 2011. Mr.

---

[2] No. 5-00, May 17, 2000 (*as amended* October 8, 2007).

[3] MarkWest operates midstream between the product producer and the end user. It does not drill or frac, but rather gathers, processes and moves 'rich gas' (which has a higher hydrocarbon content than dry gas) to market. At the Township property on which MarkWest applied to operate a compressor station, the gas will be drawn in from wells, water will be removed, and the compressed gas will be transported through pipelines to MarkWest's Houston processing facility, where hydrocarbon liquids will be removed (thereby producing propane and butane which have numerous industrial uses), and processed gas will be supplied to consumers.

*MarkWest Liberty Midstream & Res., LLC v. Cecil Twp. Zoning Hearing Bd.*, 102 A.3d 549, 552 n.2 (Pa. Cmwlth. 2014) (*MarkWest I*) (Special Exception Reproduced Record citations omitted).

> The applicant for the proposed use has both the duty to present evidence and the burden of persuading the [B]oard that the proposed use satisfies the objective requirements of the ordinance . . . . Once the applicant meets these burdens, a presumption arises that the use is consistent with the health, safety and general welfare of the community. The burden then normally shifts to the objectors of the application to present evidence and persuade the Board that the proposed use will have a generally detrimental effect.

*Greaton Props., Inc. v. Lower Merion Twp.*, 796 A.2d 1038, 1045-46 (Pa. Cmwlth. 2002).

Warzinski attended the January 17, 2011 Board hearing and testified in opposition to MarkWest's application.[4]

On March 31, 2011, the Board denied MarkWest's special exception application. On April 21, 2011, MarkWest appealed from the Board's special exception application denial and exclusionary zoning challenge which was deemed denied to the trial court. On May 20, 2011, Range Resources intervened as the Property's owner or tenant on which the Proposed Facility would be constructed. The Township intervened on June 13, 2011. On January 21, 2013, the trial court, without taking additional evidence, affirmed the Board's decision.

MarkWest appealed to this Court. On September 26, 2014, this Court reversed the trial court's order and remanded the matter directing the Board to grant MarkWest's special exception application.[5] *See MarkWest Liberty Midstream & Res., LLC v. Cecil Twp. Zoning Hearing Bd.*, 102 A.3d 549 (Pa. Cmwlth. 2014) (*MarkWest I*). This Court further ruled:

> Should the Board determine . . . within the confines of the UDO's objective standards and criteria that any terms or conditions are needed to attach to the special exception application in order to ensure compliance with the UDO, it shall specify the applicable UDO provision and explain why the term or condition is necessary.

*Id.* at 573-74.

---

[4] Witnesses at the January 17, 2011 hearing were sworn en masse. *See MarkWest I* Reproduced Record (*MarkWest I* R.R.) at 41a; *see also* Warzinski comments at *MarkWest I* R.R. 141a-143a.

[5] This Court upheld the portion of the trial court's order affirming the Board's conclusions that the UDO did not unlawfully exclude natural gas compressor stations, and that the UDO is not preempted by state law. *See MarkWest I*, 102 A.3d at 573.

The trial court remanded the matter to the Board, which conducted a May 18, 2015 meeting and heard public comments.[6] Mr. Warzinski, Adamski and Dawson attended that meeting, stated their addresses, posed questions and expressed their concerns that the Board "ensure compliance with the UDO and thereby protect the[ir] health, safety and welfare."[7] Petitioners' Br. at 3. The Board continued the proceeding to June 15, 2015, in order to consider conditions. *See* Reproduced Record (R.R.) at 188a-196a. No public comments were heard at the Board's June 15, 2015 meeting.[8] Rather, the Board read and voted on the conditions to attach to the special exceptions (Conditions).

On June 26, 2015, the Board granted MarkWest's special exception application subject to the Conditions. On July 20, 2015, MarkWest appealed from the Board's decision to the trial court. On July 27, 2015, Petitioners timely filed a notice of intervention pursuant to Section 1004-A of the Pennsylvania Municipalities Planning Code (MPC),[9] 53 P.S. § 11004-A.[10] On October 26, 2015, MarkWest filed

---

[6] When the meeting commenced, Board Chairman George Augustine and Board Solicitor Jeffrey Ries (Ries) explained that this Court's September 26, 2014 order required the Board to grant the special exception, and the meeting was to discuss potential conditions. *See* R.R. at 106a-108a. Ries clarified that the Board will accept public comment in accordance with the Sunshine Act, 65 Pa.C.S. §§ 701-716, but will "not take testimony into consideration in attaching [its] conditions," R.R. at 108a, since it "ha[s] to rely upon the 2011 testimony[.]" R.R. at 108a.

[7] Petitioners' counsel also submitted a memorandum to the Board containing suggested conditions. *See* R.R. at 140a-156a.

[8] "[N]o testimony or other evidence was received by the Board" on remand. MarkWest's Br. at 22.

[9] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101 – 11202.

[10] Section 1004-A of the MPC, added by Section 101 of the Act of December 21, 1988, P.L. 1329, provides:

> Within the 30 days first following the filing of a land use appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention, accompanied by proof of service of the same, upon each appellant or each appellant's counsel of record. All other

4

a motion to strike Petitioners' notice of intervention since adjacent property owners must petition the court to intervene pursuant to Pennsylvania Rule of Civil Procedure No. (Rule) 2327. *See McLoughlin v. Zoning Hearing Bd. of Newtown Twp.*, 953 A.2d 855 (Pa. Cmwlth. 2008); *see also* Certified Record (C.R.) MarkWest Motion to Strike Notice of Intervention. On October 29, 2015, the trial court struck the notice of intervention. *See* C.R. Trial Ct. October 29, 2015 Order.

On October 28, 2015, Petitioners filed the Petition pursuant to Rule 2327, *see* Supplemental Reproduced Record (S.R.R.) at 94a-100a, to which MarkWest filed its response. *See* S.R.R. at 101a-126a. The trial court held a hearing on December 3, 2015, *see* R.R. at 59a-103a, and on May 6, 2016, denied the Petition.[11] *See* Petitioners' Br. App. B. Thereafter, Petitioners appealed to this Court.[12]

By July 5, 2016 order, this Court directed Petitioners to "address in their principal briefs on the merits the appealability of the May 6, 2016 order."[13] July 5, 2016 Order. Thus, before addressing the merits of this appeal, this Court must

---

> intervention shall be governed by the Pennsylvania Rules of Civil Procedure.

53 P.S. § 11004-A.

[11] On remand, Jessie J. White, Eileen White, Atticus White, Augustus White and Jeffrey White (collectively, the Whites) also sought to intervene. However, they failed to submit a brief and did not appear for argument. The trial court likewise denied the Whites' intervention request. The Whites appealed to this Court from the trial court's order (*see* Pa. Cmwlth. No. 934 C.D. 2016). However, the Whites' appeal was dismissed on January 20, 2016 because they failed to file their briefs and reproduced record as ordered by this Court on October 25 and December 21, 2016.

[12] "Our review of the denial of a petition to intervene is limited to determining whether the trial court abused its discretion or committed an error of law." *Pendle Hill v. Zoning Hearing Bd. of Nether Providence Twp.*, 134 A.3d 1187, 1193 n.5 (Pa. Cmwlth. 2016).

On October 5, 2016, the trial court affirmed the Board's June 26, 2015 decision in the underlying matter. MarkWest appealed to this Court (*see* Pa. Cmwlth. No. 1809 C.D. 2016), which appeal was argued seriately herewith. Petitioners did not file an appeal or cross-appeal in that matter.

[13] Only MarkWest addressed the issue of the appealability of the trial court's order in its brief to this Court.

5

determine whether the trial court's May 6, 2016 order denying the Petition is an appealable order.

> Initially,
>
> > [a]n order denying intervention does not dispose of all parties and all claims. Thus, it is not a 'final order' appealable as of right under Pa.[]R.A.P. 341; rather, it is an interlocutory order that only may be appealed by permission under Pa.[]R.A.P. 312 or as a collateral order pursuant to Pa.[]R.A.P. 313.

*Atticks v. Lancaster Twp. Zoning Hearing Bd.,* 915 A.2d 713, 716 (Pa. Cmwlth. 2007). Here, Petitioners did not request permission under Pa.R.A.P. 312, therefore, we will examine Pa.R.A.P. 313. Pa.R.A.P. 313 provides:

> **(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
>
> **(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. This Court has held that the question of whether the right involved in the denial of a petition to intervene is too important to be denied review is intertwined with the merits of the petition to intervene. *Cogan v. Cnty. of Beaver,* 690 A.2d 763 (Pa. Cmwlth. 1997). The party appealing from the denial of such a petition "must at a minimum show actual entitlement to intervene . . . in order to meet this test." *Id.* at 765.

Here, Petitioners maintain that the close proximity of their homes to the proposed compressor station and thus "the compressor station's emission of air, odor, noise, surface water and ground water pollution, S.R.R. at 95a (Petition to Intervene), entitles them to intervene.

6

> Every person has the right to the natural, proper, and profitable use of his or her own land. *Reinhart v. Lancaster Area Refuse Auth., . . .* 193 A.2d 670 ([Pa. Super.] 1963). Implicit then is the right to protect one's property from harm, whether it be in the form of decreased valuation, insufficient water supply, excessive dust, noise, pollution, or some other cause. . . .
>
> When the property at issue is someone's home, the owner's right to protect the viability of his property is even more personal. The purchase of a home is often considered to be one of, if not the, most significant investments an individual can make during his lifetime. To deny an individual the right to protect his interest in the property he calls home would violate public policy. Accordingly, based upon the facts before us, we conclude that the trial court's order denying intervention is a collateral order subject to appeal pursuant to Pa.[]R.A.P. 313.

*Larock v. Sugarloaf Twp. Zoning Hearing Bd.*, 740 A.2d 308, 312 (Pa. Cmwlth. 1999). Because Petitioners' right to protect their homes is present in this zoning board appeal, the trial court's order is appealable.

Petitioners argue that the trial court erred by denying their Petition because it ruled that they had standing, but nevertheless refused to allow them to intervene in the appeal. We disagree. Initially, Rule 2327 states, in pertinent part:

> At any time during the pendency of an action, a person not a party thereto **shall be permitted to intervene** therein, subject to these rules **if**
>
> . . . .
>
> (3) such person could have joined as an original party in the action or could have been joined therein; or
>
> (4) **the determination of such action may affect any legally[-]enforceable interest of such person** whether or not such person may be bound by a judgment in the action.

Pa.R.C.P. No. 2327 (emphasis added).

7

Notwithstanding, a party that falls within any of the categories set forth in [Rule] 2327 may be refused intervention should the trial court determine that one of the circumstances set forth at [Rule] 2329 is present. *Larock*. [Rule] 2329 provides that an **application for intervention may be refused when**:

> (1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or

> (2) the **interest of the petitioner is already adequately represented**; or

> (3) the **petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties**.

A trial court's determination of whether an application for intervention may be denied pursuant to [Rule] 2329 is discretionary. *Larock*.

*Twp. of Radnor v. Radnor Recreational, LLC*, 859 A.2d 1, 5 (Pa. Cmwlth. 2004) (bold and underline emphasis added). This Court has explained:

> Considering Rules 2327 and 2329 together, the effect of Rule 2329 is that **if the petitioner is a person within one of the classes described in Rule 2327, the allowance of intervention is mandatory**, not discretionary, **unless one of the grounds for refusal under Rule 2329 is present**. Equally, if the petitioner does not show himself to be within one of the four classes described in Rule 2327, intervention must be denied, irrespective of whether any of the grounds for refusal in Rule 2329 exist. *See In re Pennsylvania Crime Comm'n, . . .* 309 A.2d 401, 408 n.11 ([Pa.] 1973); 7 Goodrich Amram 2d *Intervention* § 2329:3 (1992). Thus, **the court is given the discretion to allow or to refuse intervention only where the petitioner falls within one of the classes enumerated in Rule 2327 *and* only where one of the grounds under Rule 2329 is present which authorizes the refusal of intervention**.

*Larock*, 740 A.2d at 313 (emphasis added).

In the Petition, Petitioners asserted that their properties are located "in the immediate vicinity of the [Property]" and, thus, they have "a substantial and legally[-]enforceable interest in the subject matter of this action" that is "not adequately represented by any other party[.]" S.R.R. at 95a. Petitioners also averred that their "intervention will not delay or prejudice the adjudication of the rights of the original parties." S.R.R. at 96a.

Although Petitioners pled nothing more than their addresses in the Petition, they acknowledged at the hearing before the trial court that they live approximately one mile from the Property. (*See* R.R. at 63a).[14] In its response to the Petition, MarkWest specifically pled that the Warzinski property is approximately 0.98 miles from the Property (*see* S.R.R. at 105a), the Adamski property is approximately 0.94 miles away (*see* S.R.R. at 106a), and the Dawson property is approximately 0.99 miles away (*see* S.R.R. at 106a). *See* S.R.R. at 120a (map). However, MarkWest declared that since Petitioners' properties are not located in the immediate vicinity of the Property, as there are intervening parcels, and the Property is not visible therefrom, Petitioners do not have a legally-enforceable interest in this

---

[14] In their brief to this Court, Petitioners specify that: Mr. and Mrs. Warzinski's property "is 0.82 miles (4329.6 feet) from the [Property]"; Dawson's property "is 0.84 miles (4435.2 feet) from the [Property]"; and, Adamski's property "is 0.86 miles (4540.8 feet) from the [Property]." Petitioners' Br. at 3.

> However, it is axiomatic that statements in briefs or legal memoranda do not constitute evidence of record upon which decisions can be based. *See Erie Indem*[.] *Co*[.] *v. Coal Operators Cas*[.] *Co*[.]*, . . .* 272 A.2d 465, 467 ([Pa.] 1971) ('[B]riefs are not part of the record, and the court may not consider facts not established by the record.'); *Sanders v. Workers' Comp*[.] *Appeal B*[d.] *(Marriott Corp*[.]*), 756* A.2d 129, 133 (Pa. Cmwlth. 2000) ('[B]riefs filed in this [C]ourt are not part of the evidentiary record and assertions of fact therein which are not supported in the evidentiary record created below may not form the basis of any action by this [C]ourt.').

*Lin v. Bd. of Revision of Taxes of the City of Phila.*, 137 A.3d 637, 645-46 (Pa. Cmwlth. 2016).

matter greater than those of the general public. *See* S.R.R. at 101a, 105a-106a, 108a-111a. MarkWest further asserted that Petitioners' purported interests are already adequately represented, and that intervention five years into this process will unduly delay and/or prejudice MarkWest. *See* S.R.R. at 111a-112a.

Neither party presented evidence at the December 3, 2015 trial court hearing. Rather, their counsel presented oral argument to the trial court. Petitioners' counsel advised the trial court that "[Petitioners] agreed with the [C]onditions that the [Board] put in place," (R.R. at 100a), and that "the only thing that [Petitioners] would be looking to do as part of [their] intervention is to [file a] brief in support of the [C]onditions that were [imposed] by the [Board]."[15] R.R. at 62a; *see also* R.R. at 87a. Further, Petitioners' counsel informed the trial court that they had submitted a binder at the May 18, 2015 Board meeting offering proposed conditions. *See* R.R. at 141a-142a, 146a-156a.

MarkWest's counsel argued that since it is not the Conditions but the underlying special exception approval that Petitioners oppose, and since their interests are already adequately protected by the Board's Conditions, Petitioners have no legally-enforceable interest. MarkWest's counsel further maintained that, notwithstanding, "[Petitioners] had every opportunity to participate along the way, knowing full well the proceedings were going on[,]" yet waited five years to take any action. R.R. at 77a. Ultimately, the trial court held that "[Petitioners] have the requisite standing and interest to become intervenors under [Rule] 2327(4)," Trial Ct. Op. at 6, but nevertheless denied intervention due to undue delay.

This Court has long recognized "that '[o]**wners of property in the immediate vicinity of property involved in zoning litigation have the requisite**

---

[15] Petitioners' counsel acknowledged: "[Petitioners] understand the only thing in front of th[e trial c]ourt is the propriety of the conditions . . . period. [Petitioners] understand that [their] right . . . to litigate . . . the [Board's] decision and the Commonwealth Court's remand, all of that is out the door." R.R. at 71a; *see also* R.R. at 76a-77a, 82a-83a, 87a.

**interest and status to become intervenors under [Rule] 2327(4).'"** *Larock*, 740 A.2d at 313 (quoting *Summit Twp. Taxpayers Ass'n v. Summit Twp. Bd. of Supervisors,* 411 A.2d 1263, 1265 (Pa. Cmwlth. 1980)); *see also Esso Standard Oil Co. v. Taylor,* 159 A.2d 692 (Pa. 1960); *Keener v. Zoning Hearing Bd. of Millcreek Twp.,* 714 A.2d 1120 (Pa. Cmwlth. 1998); *Schatz v. Upper Dublin Twp. Zoning Hearing Bd.,* 343 A.2d 90 (Pa. Cmwlth. 1975). Although the term immediate vicinity is not precisely defined, in *Grant v. Zoning Hearing Board of the Township of Penn*, 776 A.2d 356 (Pa. Cmwlth. 2001), this Court declared that **intervenors who "live within one mile** of the proposed electric generating facility . . . **have the requisite interest and status to become intervenors under [Rule] 2327(4)."** *Id.* at 359 (emphasis added). Such is the case even if they did not attend or speak at the underlying zoning board hearing. *See Grant.* Based upon *Grant*, since Mr. and Mrs. Warzinski, Adamski and Dawson own property located within a mile of the Proposed Facility, they each had a legally-enforceable interest under which they would be entitled to intervenor status pursuant to Rule 2327(4). Accordingly, the trial court properly held that Petitioners must be permitted to intervene unless one of the Rule 2329 refusal grounds is present. *Larock*.

The trial court nevertheless denied the Petition, stating:

> **[Petitioners] in the instant case waited almost 5 years from the filing of MarkWest's special exception application with the Board before they attempted to intervene. [Petitioners] were aware of these proceedings and one of them made public comments during the hearing before the Board. Rather than seeking to intervene in this case when MarkWest first appealed to this [trial c]ourt in 2011, and subsequently to Commonwealth Court in 2013, [Petitioners], fully aware of the proceedings, instead sat idly by. Based on the foregoing, this [trial c]ourt finds that permitting intervention at such a late stage in this matter would result in prejudice to the other parties by undue delay,**

11

> **and is tantamount to a collateral attack on the prior rulings 5 years into the litigation.**
>
> . . . .
>
> The Commonwealth Court [o]rder directed this [trial c]ourt simply to order the [Board] to grant [] MarkWest's special exception, which it did with 26 additional [C]onditions. ([Petitioners'] Conclusions of Law ¶¶ 19-20). **To request entry almost 5 years into the proceedings, after the remand with specific orders to implement the zoning appeal, is prejudicial to MarkWest because it causes undue delay in the proceedings under [Rule No.] 2329(3)**. Thus, this [trial c]ourt finds that [Petitioners] are precluded from intervening at this late stage of the case.

Trial Ct. Op. at 7-9 (emphasis added). Pursuant to Rule 2329(3), the trial court had the discretion to deny the Petition. *Larock*. "An abuse of discretion occurs where substantial evidence does not support the [trial court's] findings." *In re McGlynn*, 974 A.2d 525, 530 n.4 (Pa. Cmwlth. 2009). Here, the record and the law support the trial court's conclusions.

This Court's *MarkWest I* order was final as to MarkWest's special exception application. The *MarkWest I* Court ordered the Board to grant the application as it should have in March 2011, subject only to such reasonable conditions as the MPC and UDO allowed. Petitioners had ample notice and opportunity to protect their interests (and provide their input regarding proposed conditions) in 2011. If, as Petitioners contend, they do not oppose the Board's Conditions, their intervention is not now necessary to serve and/or further protect their interests. Under the circumstances, allowing Petitioners' intervention at this late point in time would clearly unduly prejudice MarkWest and the Board in whose favor this matter has been resolved.[16] Finding no error in the trial court's reasoning, we

---

[16] MarkWest's special exception application was granted. The trial court upheld nearly all of the Board's Conditions.

hold that the trial court did not abuse its discretion by denying the Petition pursuant to Rule 2329(3).[17]

Petitioners also argue that by denying them intervenor status, the trial court denied their due process rights under the Fourteenth Amendment to the United States (U.S.) Constitution, and Article 1, Section 1 and Article 1, Section 27 of the Pennsylvania Constitution. We disagree.

Section 1 of the Fourteenth Amendment to the United States Constitution provides, in relevant part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. "Due process under the Pennsylvania Constitution emanates from a number of provisions, including Article I, Sections 1, 9, and 11." *Muscarella v. Commonwealth*, 87 A.3d 966, 973 (Pa. Cmwlth. 2014). Article 1, Section 1 of the Pennsylvania Constitution similarly protects life, liberty and property interests.[18] "The fundamental components of procedural due process are notice and opportunity to be heard." *McGlynn*, 974 A.2d at 531.

According to Petitioners, since the Board denied MarkWest's application because it failed to meet its burden for a special exception, the burden never shifted to them to persuade the Board that the proposed use will have a generally detrimental effect. *Greaton Props., Inc. v. Lower Merion Twp.*, 796 A.2d 1038 (Pa. Cmwlth. 2002). Thus, "[w]hen this Court reversed the decision of the [Board] and the trial court, and subsequently remanded the case [] to the [Board] for imposition of

---

[17] On November 20, 2017, Petitioners filed an Application For Leave of Court to File a Supplemental Brief (Supplemental Brief Application). On December 1, 2017, MarkWest opposed the Supplemental Brief Application.

[18] Article 1, Section 1 of the Pennsylvania Constitution provides: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Pa. Const. art. I, § 1.

13

conditions consistent with the UDO . . . , [Petitioners'] . . . due process rights of participation instantly became implicated." Petitioners' Br. at 16.

However, the record clearly reveals that the Board gave requisite notice of the 2011 Board hearings, and that Mr. Warzinski attended and gave testimony in opposition to MarkWest's application, due to the Proposed Facility's potential effect on the community. Other community members did the same. Petitioners also acknowledge that the Board "duly advertised and held" public meetings in May and June 2015 regarding the Conditions to be imposed, at which the Board welcomed public comment, and Petitioners (with the exception of Mrs. Warzinski) fully participated.[19] Petitioners' Br. at 17. The Board further permitted Petitioners to offer their proposed conditions. *See* R.R. at 141a-142a, 146a-156a.

Moreover, this Court in *MarkWest I* specifically acknowledged that although the burden did not technically shift to the objectors before the special exception was granted, "numerous objectors expressed their concerns regarding emissions, noise, odor, light, traffic, property values and safety." *Id.* at 570. The *MarkWest I* Court also explained:

> Notwithstanding, the law is clear that objectors to a special exception application 'cannot meet their burden by merely speculating as to possible harm, but instead must show a **high degree of probability that it will substantially affect** the health and safety of the community.' *Rural Area Concerned Citizens, Inc. v. Fayette Cnty. Zoning Hearing Bd.,* . . . 646 A.2d 717, 722 ([Pa. Cmwlth.] 1994) (emphasis added). More specifically, objectors' evidence 'must show a high probability that the use will generate adverse impacts **not normally generated by this type of use.** . . . .' *Freedom Healthcare Servs., Inc.* [*v. Zoning Hearing Bd. of the City of New Castle*,] 983 A.2d [1286,] 1291 [(Pa. Cmwlth. 2009)] (emphasis added).

---

[19] Petitioners' claim that the May and June proceedings were hearings at which testimony was given is belied by the fact that Ries expressly stated at the May meeting that was not the case.

> The Board did not make any finding or reach a conclusion that the objectors demonstrated to 'a high degree of probability that [the Proposed Facility] will substantially affect the health and safety of the community.' *Rural Area Concerned Citizens, Inc.,* 646 A.2d at 722. **Nor would the record support such a finding or conclusion. Rather, the Board made numerous findings about the steps MarkWest will take to make its potential impact on the community as minor as possible**[.]

*Id.* (emphasis added). Despite that at least Mr. Warzinski may have had standing to appeal from this Court's September 26, 2014 order, he did not do so. Under the circumstances, the trial court's order denying Petitioners' intervenor status did not violate Petitioners' due process rights under either the U.S. or Pennsylvania Constitutions.

Petitioners further claim that the trial court violated "their constitutional rights as guaranteed by Article I, Section 27 of the Pennsylvania Constitution." Petitioners' Br. at 18. Article 1, Section 27 of the Pennsylvania Constitution (also known as the Environmental Rights Amendment) provides:

> The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania's public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people.

Pa. Const. art. I, § 27.

Our Supreme Court has held that "when reviewing challenges to the constitutionality of Commonwealth actions under [the Environmental Rights Amendment], the proper standard of judicial review lies in the text . . . itself[,] as well as the underlying principles of Pennsylvania trust law in effect at the time of its enactment." *Pa. Envtl. Def. Found. v. Commonwealth*, 161 A.3d 911, 930 (Pa. 2017) (*PEDF II*). The *PEDF II* Court identified, based on the text of the Environmental

15

Rights Amendment and trust law, that all Commonweath citizens, including future generations, have a right to clean air and pure water, and to the preservation of natural, scenic, historic and esthetic values of the environment, and that the Commonwealth has a corresponding duty, as trustee, to prohibit the degradation, diminution and depletion of public natural resources and to act affirmatively through legislation to protect the environment. *See id.*

Here, Petitioners failed to state whether or how the Commonwealth failed in its duty to protect their rights or the environment.[20]  Nor did they contend that the UDO is unconstitutional or that the Board failed in some manner in keeping any alleged environmental harm to a minimum.  Moreover, in *MarkWest I*, this Court ruled that the UDO expressly permits MarkWest's proposed use, and *MarkWest I* represents the law of the case.[21]  In addition, Petitioners did not argue that applicable

---

[20] Our Supreme Court has ruled:

> Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.  It is not the obligation of an appellate court to formulate [an] appellant's arguments for him.'  *Wirth v. Commonwealth, . . .* 95 A.3d 822, 837 ([Pa.] 2014).

*Banfield v. Cortes*, 110 A.3d 155, 168 n.11 (Pa. 2015).  Because Petitioners supplied no specific argument with legal support relating to how the Commonwealth may have failed in its duty to protect their rights under Article I, Section 27 of the Pennsylvania Constitution in this case, that argument is waived.

[21]   The 'law of the case' doctrine is a judicial rule that prohibits a court involved in a later phase of litigation from reopening questions decided by another judge of the same court or a higher court in an earlier phase of the litigation. *Couriers–Susquehanna, Inc. v. C[ty.] of Dauphin*, 693 A.2d 626, 630 (Pa. Cmwlth. 1997).  Specifically, the doctrine applies in the following circumstances:

> (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; [and] (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court.

statutes and regulations were not respected. After a thorough review of Petitioners' arguments and the applicable law, this Court concludes that the trial court's order denying Petitioners' intervenor status did not violate Petitioners' rights under Article 1, Section 27 of the Pennsylvania Constitution.

Based upon the foregoing, we affirm the trial court's order.[22]

_____
ANNE E. COVEY, Judge

---

*Id.* (internal citation omitted).

*City of Phila. v. F.A. Realty Inv'rs Corp.*, 146 A.3d 287, 297 (Pa. Cmwlth. 2016).

[22] In light of this Court's holding, Petitioners' Application For Leave of Court to File a Supplemental Brief is moot.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

MarkWest Liberty Midstream    :
and Resources, LLC    :
    :
              v.    :
    :
Cecil Township    :
Zoning Hearing Board    :
    :
Appeal of: Megan Warzinski,    :
Doug Warzinski, Jessica Adamski,    :    No. 904 C.D. 2016
and Melanie Dawson    :

## O R D E R

AND NOW, this 11th day of January, 2018, the Washington County Common Pleas Court's May 6, 2016 order is affirmed.

Megan Warzinsk, Doug Warzinski, Jessica Adamski and Melanie Dawson's Application For Leave of Court to File a Supplemental Brief is dismissed as moot.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

MarkWest Liberty Midstream    :
and Resources, LLC    :
    :  No.  904 C.D. 2016
    v.    :
    :  Argued:  April 6, 2017
Cecil Township Zoning    :
Hearing Board    :
    :
Appeal of: Megan Warzinski,    :
Doug Warzinski, Jessica Adamski,    :
and Melanie Dawson    :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ANNE E. COVEY, Judge


## *OPINION NOT REPORTED*

CONCURRING OPINION
BY JUDGE McCULLOUGH                FILED:  January 11, 2018


While I concur in the result reached by the Majority and would affirm the trial court's finding of undue delay, I write separately to note an important argument raised by Petitioners.[1]

Petitioners argue that not only does the proposed compressor station "diminish the value and viability the [sic] of surrounding landowners' homes, but there is also a known risk that noxious chemicals will enter the surrounding land, including but not limited to, Class One Carcinogens, Benzene and Formaldehyde, as well as multiple tons of toluene, ethyl, xylene, carbon dioxide and carbon

---

[1] Petitioners include Megan Warzinski, Doug Warzinski, Jessica Adamski, and Melanie Dawson.

monoxide." (Petitioners' brief at 10-11.) While I believe that Petitioners' concerns are significant, especially with respect to a potential detrimental impact to public health, safety, and welfare, I recognize that the grant of the special exception was previously ordered by this Court in *MarkWest Liberty Midstream & Res., LLC v. Cecil Twp. Zoning Hearing Bd.*, 102 A.3d 549 (Pa. Cmwlth. 2014), and, as such, represents the law of the case.

 

_____
PATRICIA A. McCULLOUGH, Judge